ROY NOBLE LEE, Chief Justice,
for the Court:
The individual owners of eight condominiums, located in Pass Christian, Mississippi, appealed to the Circuit Court of Harrison County contending that the Board of Supervisors of Harrison County erred in holding that said owners’ condominiums would be classified as Class II property, taxed on a rate of fifteen percent (15%) of such property’s true value, as opposed to Class I classification, taxed on a rate of ten percent (10%) of such property’s true value. The Harrison County Circuit Court, agreeing with the owners, held that the condominiums in question should be designated as Class I property. The Board of Supervisors of Harrison County and the City of Pass Christian, Mississippi, appeal asking this Court to address the following issue:
Does the language of Article IV, § 112, of the Mississippi Constitution, designating Class I property as “single-family, owner-occupied, residential real property” include within its meaning property owned exclusively by individuals and used for residential purposes with no commercial use or value attached thereto so that such an owner, even though it may not be his primary place of residence and even though he may be a resident of another state or county, is nevertheless entitled to Class I classification for ad valorem tax purposes thereby rendering his property a valuation of 10% assessment from its appraised value?
FACTS
On August 1, 1988, the individual owners, of eight condominiums, located at Sweet Bay Condominiums in Pass Christian, Mississippi, filed a protest regarding the assessment of their condominiums on the 1988 Harrison County tax roll. The owners alleged that all of the condominiums were “owner occupied” and entitled to Class I classification, taxed on ten percent (10%) of their true value, as opposed to *1277 Class II classification, taxed on fifteen percent (15%) of their true value, under which such condominiums had previously been categorized. The taxpayers’ protest was denied by the Harrison County Board of Supervisors on October 10, 1988. The taxpayers, on January 9, 1989, filed a Bill of Exceptions and Appeal to the Harrison County Circuit Court naming as defendants the City of Pass Christian as well as the Harrison County Board of Supervisors.
The parties filed a stipulation of facts on September 22, 1989. In such stipulation the parties agreed: (1) that the condominiums should have been assessed as eight separate parcels, rather than one parcel under the original owner’s name; (2) that the parcel representing the manager’s apartment and common area office would not be entitled to Class I classification but would be categorized in Class II; and (3) that the taxpayers abandoned their protest as to the actual value placed on the property in question. The parties stipulated that the only issue remaining to be resolved was as follows:
It is further stipulated and agreed between the parties Appellants and Harrison County that the sole issue to be presented to the court in the hearing on this appeal is whether or not the parcels owned by these Appellants and described as a, b, c, d, e, f, g, and h as set forth in paragraph 3 hereinabove are owner occupied and as a matter of law are thereby entitled to classification as Class I property with taxes to be placed on 10 percent of the total valuation set forth in this Stipulation or said properties are not entitled to be classified as owner occupied properties and therefore should bear a Class II classification at 15 percent of the valuation as an assessment for tax purposes.
Attached to the stipulation were affidavits, one from each of the eight condominium owners, which indicated that the condominiums were not the owner’s primary residence.
A hearing was held on September 22, 1989, before the Harrison County Circuit Court. Testimony was given by the taxpayers that the condominiums in question had never been rented or used for commercial purposes. The taxpayers further testified that the condominiums were only occupied by each individual owner, the owner’s immediate family, or an occasional friend. Jim Wetzer, the tax assessor for Harrison County, testified that the decision to classify the property in question as Class II property was based on information received from the Mississippi State Tax Commission showing that most of the counties in Mississippi require that similar property to that in question be the principal place of residence of the owner or subject to homestead exemption before being granted Class I classification.
LAW
Article IV, § 112, Mississippi Constitution of 1890, as amended in 1986, divides property into five classes for purposes of assessment for ad valorem taxation:
Class I. Single-family, owner-occupied residential real property, at ten percent (10%) of true value.
Class II. All other real property, except for real property included in Class I or IV, at fifteen percent (15%) of true value.
Class III. Personal property, except for motor vehicles and for personal property included in Class IV, at fifteen percent (15%) of true value.
Class IV. Public utility property, which is properly owned or used by public service corporations required by general laws to be appraised and assessed by the state or the county, excluding railroad and airline property and motor vehicles, at thirty percent (30%) of true value.
Class V. Motor vehicles at thirty percent (30%) of true value.
Miss. Const. Art. 4 § 112 (Supp.1990); See Miss.Code Ann. § 27-35-4 (Supp.1990).
Classes I and II are real property owned by individuals and corporations, except public utility property, which is covered by Class IV. The question for decision here is whether the eight condominiums involved are special tracts of property and *1278 whether the improvements made entitle the owners to more favorable tax treatment as opposed to real property owners, regardless of use. We look to Mississippi Code Annotated § 27-33-3 (Supp.1990) which establishes requirements for homestead exemption in Mississippi, and the reasons for favorable treatment to homes:
(1) In order to recognize and give effect to the principle of tax-free homes as a public policy in Mississippi, to encourage home building and ownership, and to give additional security to family groups, it is hereby declared that homes legally assessed on the land roll, owned and actually occupied as a home by bona fide residents of this state, who shall be exempt from the ad valorem taxes herein enumerated, on not in excess of seven thousand five hundred dollars ($7,500.00) of the assessed value including an area of land not in excess of that specified hereinafter in this article.
Id. (emphasis added).
Mississippi Code Annotated § 27-33-19 (Supp.1990) defines “home” as follows:
The word ‘home’ or ‘homestead’ whenever used in this article shall mean the dwelling, the essential outbuildings and improvements, and the eligible land assessed on the land roll actually occupied as the home of a family group, eligible title to which is owned by the head of the family, a bona fide resident of this state, and when the dwelling is separately assessed on the land roll for the year in which the application is made, subject to the limitations and conditions contained in this article.
Id. (emphasis added).
We recognize that:
The construction of a Constitutional Section is of course ascertained from the plain meaning of the words and terms used within it.
Ex parte Dennis, 334 So.2d 369, 373 (Miss.1976); State Teachers’ College v. Morris, 165 Miss. 758, 144 So. 374 (1932); Green v. Weller, 32 Miss. 650 (1856). Also the Court stated in State v. Mobile J. & K.C. Railroad Co., 86 Miss. 172, 38 So. 732 (1905):
A constitution is framed for the guidance and Government of the whole people, and the words used therein are to be given their usual and popular signification and meaning; and, unless that be the manifest intention of the framers of the instrument, phrases or terms susceptible of two different interpretations are not usually to be given a restricted or a technical construction.
Id. at 190, 38 So. at 735.
However, we think that the language of Class I and Class II so far as it pertains to the eight condominiums involved here is susceptible to two interpretations: (a) that Class I includes the condominiums or (b) that Class II includes the condominiums. The use of the term “owner-occupied” in Article 4, Mississippi Constitution, § 112 is not without significance. Such term is substantially similar to the term “owned and actually occupied” used in our homestead exemption laws. Had the legislature intended Class I tax preference for recreational or vacation homes, which are not the principal residence of their owners, then they would not have used the phrase “owner-occupied” which communicates the popularly understood concept of principal residence as required for homestead exemption.
The legislature did not intend that a person could live in Jackson, Mississippi, and then, because of his affluence, own a cottage or condominium in Pass Christian, another in Vicksburg, a third in Greenville, and a fourth in Meridian, spend some time each year in all of them, and enjoy favorable tax breaks and tax preference. The appellees testified that their condominiums were occupied by them, their immediate families, or an occasional friend. Who, how many, and on what occasions is not specified. The rich and famous live in homes all over the United States and the world on a much larger scale. Should they receive special treatment? We do not think that the legislature intended that such people or people from surrounding states, could own a recreational home in the State of Mississippi without qualifying for homestead exemption, and enjoy the *1279 bounty of this beautiful land without paying the rate of proportionate taxes.
The tax assessors of this state while not vested with absolute discretion to determine what constitutes “single-family, owner-occupied, residential real property” are entitled to deference in their use of interpretative discretion. Guidelines have been propounded by the State Tax Commission, which employs individuals learned and experienced in tax structures of states and nation, and they require a principal residence for Class I tax preference. Most, if not all, of the counties and cities in the State of Mississippi grant Class I treatment only to the owners’ principal residence. There has existed uniformity in such assessments and taxation for a long period of time.
We are of the opinion that the 1986 amendment to the Constitution intended that the Class I category for ad valorem taxation include and provide for land actually occupied as the principal home of a family group as contemplated by the homestead statute, Miss.Code Ann. § 27-33-3 (Supp.1990), and was intended to constitute further encouragement to home builders and home owners. In the case where persons own and occupy more than one property, they may claim only one as a principal residence for tax purposes. The determination as to which of the owner-occUpied residences is to be the principal residence must be made on a case by case basis.
The judgment of the lower court is reversed and judgment is rendered here for the appellants.
REVERSED AND RENDERED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
SULLIVAN, J., not participating.