# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-00292-SCT

*3545 MITCHELL ROAD, LLC D/B/A TUPELO
TRACE APARTMENTS AND
PINECREST/TUPELO, L.P. D/B/A TUPELO
SENIORS APARTMENTS*

*v.*

*BOARD OF SUPERVISORS OF LEE COUNTY, MS
AND MARK WEATHERS, LEE COUNTY TAX
ASSESSOR*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2009 |
| TRIAL JUDGE: | HON. JAMES SETH ANDREW POUNDS |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JAMES L. MARTIN |
| ATTORNEY FOR APPELLEES: | GARY L. CARNATHAN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 03/24/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    3545 Mitchell Road LLC d/b/a Tupelo Trace Apartments (Tupelo Trace) and

Pinecrest/Tupelo, L.P. d/b/a Tupelo Seniors Apartments (Pinecrest) (collectively "Tupelo")

appealed the Lee County Circuit Court judgment which affirmed the Lee County Board of

Supervisors' reassessment of Tupelo's real property and the resulting increase in ad valorem

taxes. We assigned this case to the Court of Appeals. Upon affirmance of the trial-court

judgment by the Court of Appeals, Tupelo filed a petition for writ of certiorari, which we

granted. We now reverse the judgments of the Court of Appeals and the Lee County Circuit

Court and remand this case to the Circuit Court of Lee County for further proceedings

consistent with this opinion.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     These are the facts as presented in the Court of Appeals' opinion.[1] *See 3545 Mitchell*

*Rd., LLC v. Bd. of Supervisors of Lee County*, 2010 WL 2593947, *1-2 (¶¶2-7) (Miss. Ct.

App. June 29, 2010). Tupelo Trace owns and operates Tupelo Trace Apartments, and

Pinecrest owns and operates Tupelo Seniors Apartments. Both Tupelo Trace and Pinecrest

are residential apartment complexes consisting of 200 and 40 units, respectively, and are

designed to be "affordable rental housing" properties, as that term is defined by Mississippi

Code Section 27-35-50(4)(d)(i) (Rev. 2010).

¶3.     Section 27-35-50(4)(d) sets out the method to be used to determine the "true value"

of "affordable rental housing" for purposes of levying ad valorem taxes. It provides that, for

tax purposes, the value of "affordable rental housing" shall be determined by the

> actual net operating income attributable to the property, capitalized at a market
> value capitalization rate prescribed by the State Tax Commission that reflects
> the prevailing cost of capital for commercial real estate in the geographical
> market in which the affordable rental housing is located adjusted for the

---

[1]However, these facts do not represent a verbatim recitation of the Court of Appeals'
opinion.

2

enhanced risk that any recorded land use regulations places on the net operating income from the property.

Miss. Code Ann. § 27-35-50(4)(d) (Rev. 2010). In order to receive this benefit, the law requires that the property owner submit to the county tax assessor, by April 1 of each year, an accurate statement of the net operating income attributable to that property for the prior year.

¶4. Tupelo admits that in 2007 it failed to submit to the Lee County tax assessor the statements of the actual net operating income attributable to the properties for the immediately preceding year, as required to qualify for the special valuation method for assessing affordable rental housing property, as required by Section 27-35-50(4)(d). The assessor, failing to notice that Tupelo had not submitted the required statements of actual net operating income attributable to the properties, still assessed the properties using the special valuation method, and submitted the 2007 Land Roll to the Board for approval at its meeting held on July 3, 2007. The assessor recommended to the Board the true value of all real and personal property situated in Lee County, Mississippi, for 2007. The 2007 Land Roll included recommended true values for Tupelo Trace and Pinecrest in the sums of $2,862,210 and $317,420, respectively. The Board accepted and adopted the 2007 Land Roll at its meeting held on August 13, 2007. Tupelo Trace and Pinecrest subsequently were assessed $43,529.98 and $4,843.67 in taxes, respectively.

¶5. On or about September 25, 2007, Tupelo submitted a written request to the assessor asking for confirmation of the 2007 true values assessed to the apartment complexes. The

3

assessor confirmed and represented to Tupelo Trace and Pinecrest that their tax assessments would be based on true-value assessments of $2,862,210 and $317,420, respectively.

¶6. Later, the assessor discovered that Tupelo had failed to submit statements of the actual net operating income attributable to the properties for the immediate preceding year to the assessor's office on or before April 1, 2007, as required by Section 27-35-50(4)(d). The assessor then reassessed the subject properties using the ordinary method of valuation, rather than the special income-capitalization approach, which resulted in higher true values for both properties than the original assessments. On or about November 8, 2007, the assessor changed the 2007 true-value assessment for Tupelo Trace and Pinecrest to $8,896,620 and $951,073, respectively. As a result, the Tupelo Trace and Pinecrest properties were assessed $135,304.25 and $14,512.90, respectively, in taxes for 2007. Tupelo paid these amounts on or about January 17, 2008.

¶7. Due to the initial lack of notice to Tupelo regarding the increase in their assessments, on July 28, 2008, the Board, on its own motion, rescinded the increase for assessments for Tupelo's properties, and it asked the Board's clerk to notify Tupelo of the increases. The clerk notified Tupelo of the increases by letter, which advised Tupelo that if it objected to such increase, an objection must be filed no later than 10:00 a.m. on August 18, 2008. Tupelo submitted a written objection to the Board on August 6, 2008, objecting to the increase in the true value of its properties. However, Tupelo still failed to submit the statement of actual net operating income for the prior year as required by Section 27-35-50(4)(d). On August 22, 2008, after reviewing Sections 27-35-145, 27-35-147 and 27-35-50(4)(d) of the Mississippi

4

Code, the Board issued an order denying Tupelo's objections. Tupelo subsequently appealed to the Lee County Circuit Court on August 28, 2008.

¶8. By agreement of the parties, the case was tried based on a written stipulation of facts, with exhibits, on January 16, 2009. On February 4, 2009, the circuit court entered an order denying Tupelo's appeal. Aggrieved, Tupelo appealed to this Court, and we assigned this case to the Court of Appeals, which affirmed. *See 3545 Mitchell Rd., LLC*, 2010 WL 2593947, *1-2 (¶¶2-7).

### PROCEEDINGS IN THE COURT OF APPEALS

¶9. Before the Court of Appeals, Tupelo asserted that the trial court had erred by finding that the Board had properly reassessed and changed the amounts Tupelo owed in ad valorem taxes for the Tupelo Trace and Pinecrest properties. The Court of Appeals affirmed the trial court, holding that the Board was statutorily authorized to correct wrongly classified property and to reassess properties and increase the amounts owed in ad valorem taxes.

¶10. This Court finds that the trial court improperly permitted the Board to change the tax roll after it was final. We therefore reverse the decisions of the trial court and the Court of Appeals and render judgment in favor of Tupelo.

### DISCUSSION

¶11. Concerning judicial review of actions taken by a board of supervisors, "decisions related to questions of law or statutory interpretation will be reviewed de novo." *Ryals v. Bd. of Supervisors of Pike County*, 48 So. 3d 444, 448 (Miss. 2010) (citing *Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen*, 968 So. 2d 938, 942 (Miss. 2007)).

5

¶12. To effect a change in the tax roll subsequent to its finalization, the Board of Supervisors of Lee County had to find an applicable exception. Miss. Code Ann. § 27-35-147 (Rev. 2010). The Court of Appeals affirmed the Board's reassessment of Tupelo's tax liability based on two exceptions[2] under Mississippi Code Sections 27-35-143(11) and 27-35-147(4) (Rev. 2010). *3545 Mitchell Road, LLC,* 2010 WL 2593947, at *4 (¶15).

**(1) Mississippi Code Section 27-35-143(11)**

¶13. This section permits changes in assessments by the Board where lands have been assessed and incorrectly classified:

> When lands have been assessed and *incorrectly classified*; or when buildings and improvements have been assessed which were not on the land, at the preceding tax lien date; or where the buildings and improvements, at the preceding tax lien date, were exempt from assessment and taxation.

Miss. Code Ann. § 27-35-143(11) (Rev. 2010) (emphasis added). Under Section 27-35-50(4)(d),[3] the tax assessor calculated Tupelo's property taxes for the 2007 tax rolls by the

---

[2]The Board, in its appellate brief, argues that Section 27-35-143(2) also permits the Board to reassess Tupelo's properties. However, the record does not reveal that, before the trial court, the Board ever mentioned or argued the merits of Mississippi Code Section 27-35-143(2). The Board argued Section 27-35-143(11) before the trial court. Accordingly, the trial judge did not mention Section 27-35-143(2) in its Order. The Court of Appeals did not address the merits of Section 27-35-143(2), and neither shall this Court. *See Brown v. Miss. Dep't. of Employment Sec.,* 29 So. 3d 766, 771 (Miss. 2010) ("This Court repeatedly has held that an issue not raised before the lower court is deemed waived and is procedurally barred.").

[3]        (d) . . . The owner of affordable rental housing shall provide to the county tax assessor on or before April 1 of each year, an accurate statement of the actual net operating income attributable to the property for the immediately preceding year prepared in accordance with generally acceptable accounting

"specialized approach" for "affordable rental housing." This never should have occurred. An ordinary valuation approach for the two properties should have been applied to calculate Tupelo's taxes, because Tupelo had failed to provide a statement of actual net operating income for the previous year as required by Section 27-35-50(4)(d).

¶14. Before the Court of Appeals, the Board in its brief essentially argued that the Tupelo properties were incorrectly classified because, although the rental housing remained Class II property, Tupelo had not met the requirements to be taxed as "affordable rental housing" under Section 27-35-50. Accordingly, the Board contended that Tupelo's properties had been incorrectly classified as "affordable rental housing," allowing the Board to reassess Tupelo's properties under Section 27-35-143(11).

---

principles. As used in this paragraph:

(i) "Affordable rental housing" means residential housing consisting of one or more rental units, the construction and/or rental of which is subject to Section 42 of the Internal Revenue Code (26 USC 42), the Home Investment Partnership Program under the Cranston-Gonzalez National Affordable Housing Act (42 USC 12741 et seq.), the Federal Home Loan Banks Affordable Housing Program established pursuant to the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) of 1989 (Public Law 101-73), or any other federal, state or similar program intended to provide affordable housing to persons of low or moderate income and the occupancy and maximum rental rates of such housing are restricted based on the income of the persons occupying such housing.

Miss. Code Ann. § 27-35-50 (Rev. 2010).

¶15. The Court of Appeals agreed, reasoning that the Board had the authority to change the tax liability, after the State Tax Commission's adoption of the 2007 tax rolls, because permitting Tupelo's properties to be taxed as "affordable rental housing" was an incorrect classification, due to Tupelo's failure to follow the statutory guidelines and qualify for the specialized taxation formula for affordable rental housing under Section 27-35-50(4). *3545 Mitchell Road, LLC,* 2010 WL 2593947, at *4 (¶13).

¶16. In his dissenting opinion, Judge Roberts wrote that "[t]here was no evidence that the apartments had been incorrectly classified. They were, in fact, classified correctly by the Board. The undisputed evidence is that the Assessor merely reassessed the Appellants' ad valorem tax liabilities pursuant to the 'ordinary method of valuation' rather than the 'special income-capitalization approach.'" *3545 Mitchell Rd., LLC,* 2010 WL 2593947, at *6 (¶22) (Roberts, J., dissenting).

¶17. The Mississippi Constitution and this Court's precedent clearly state that classification is based on the use of one's property. *See* Miss. Const. art, 4 § 112 (setting forth five distinct classifications of property based on use); *see also Bd. of Supervisors of Harrison County v. Duplantier*, 583 So. 2d 1275, 1278-79 (Miss. 1991) (excluding from Class I condominium units not used as principal residence); *Rebelwood, Ltd. v. Hinds County*, 544 So. 2d 1356, 1363 (Miss. 1989) (finding that, under Mississippi Code Section 27-35-50 (Supp. 1988), a federally subsidized low-income housing project was Class II real property based on its current use).

¶18.    There is no evidence that Tupelo's rental housing ever changed its use and, ultimately, its classification under Article 4, Section 112 of the Mississippi Constitution. Rather, after the Board had identified the taxation error, Tupelo's Class II real property, categorized as "affordable rental housing," simply was assessed based on an ordinary method of valuation, as opposed to a specialized approach for affordable rental housing, because Tupelo had failed to qualify for this specialized tax formula. The property's classification remained, at all times, Class II real property.[4]

¶19.    Despite the five classifications of property in Article 4, Section 112 of the Mississippi Constitution, the Board argues that "affordable rental housing" in Section 27-50-4(d) constitutes a subclassification in its own right and, therefore, meets the requirements of the exception in Section 27-35-143(11) as an incorrect classification, permitting reassessment.

¶20.    Even assuming *arguendo* that the categorization of "affordable rental housing" constituted a classification for purposes of Section 27-35-143(11), as Judge Roberts articulated in his dissent, there is no evidence that Tupelo's properties were incorrectly classified by the assessor.  For instance, the record, in this case does not provide any evidence of why Tupelo's properties did not meet the definition of affordable rental housing under Section 27-35-50(4)(d)(i); however, the record does provide that Tupelo failed to provide the necessary documents to receive the specialized tax formula.

---

[4]Class I consists of "[s]ingle-family, owner-occupied, residential real property . . . " Class II is "[a]ll other real property , except for real property included in Class I or IV. . . ." Miss. Const. art 4, § 112.

9

¶21. Section 27-35-50(4)(d) states that "[t]he owner of *affordable rental housing* shall provide to the county tax assessor on or before April 1 of each year, an accurate statement of the actual net operating income attributable to the property for the immediately preceding year . . . ." (Emphasis added.) Moreover, the plain language of the definition of "affordable rental housing" does not state that the mandated yearly filing of the net operating income is a prerequisite to a property's characterization as "affordable rental housing." Miss. Code Ann. § 27-35-50(4)(d)(i). Both parties stipulated that Tupelo Trace and Pinecrest were "affordable rental housing" properties under Section 27-35-50(4)(d)(i).

¶22. Accordingly, we are constrained to find that the Court of Appeals erred by affirming the trial judge's conclusion that there was an incorrect classification. We find only that an incorrect valuation occurred when Tupelo failed to provide the requisite documents to receive the specialized formula for its Class II, affordable rental housing. While this interpretation does allow Tupelo to benefit, despite its failure to provide the necessary documentation, we nonetheless agree with Judge Roberts's interpretation that "an incorrect valuation calculation is not the equivalent of incorrect classification of property." *3545 Mitchell Rd., LLC,* 2010 WL 2593947, at *6 (¶22) (Roberts, J., dissenting).

### (2) Mississippi Code Section 27-35-147(4)

¶23. The Court of Appeals also found support for the Board's actions under Section 27-35-147(4) (Rev. 2006), which permits a board of supervisors to increase an assessment after an assessment roll has been adopted "'[w]hen lands or improvements thereon have been *listed as exempt from taxation*, but were subject to assessment and taxation on the preceding tax

10

lien date.'" ***3545 Mitchell Rd., LLC,*** 2010 WL 2593947, at *4 (¶13) (quoting Miss. Code Ann. § 27-35-147(4) (Rev. 2010)) (emphasis added).

¶24.    The issue before the Court of Appeals thus became whether the specialized tax formula under Section 27-35-50(4)(d) constituted a tax exemption such that the Board under Section 27-35-147(4) could assess taxes against Tupelo.  The Court of Appeals found that Section 27-35-50(4)(d) "is an exemption because it provides a lower tax rate to the owners of affordable rental housing, versus a higher tax rate for owners of the same type of property used in a different manner." ***3545 Mitchell Rd., LLC,*** 2010 WL 2593947, at *4 (¶14).

¶25.    In the Court of Appeals' dissent, Judge Roberts reasoned that an exemption requires more than the application of an alternate formula for taxation:

> The term "exemption" is not defined by any Mississippi law. However, it is not an unfamiliar term. "In taxation, an exemption is an amount allowed as a deduction from adjusted gross income in arriving at taxable income." *Black's Law Dictionary* 572 (6th ed. 1990).  Here, the Assessor did not first deduct a particular portion of [Tupelo's] adjusted gross income before calculating their 2007 ad valorem tax liabilities. Instead, he initially calculated their value pursuant to the "special income-capitalization approach"-- apparently based on 2006 financial data . . . . Using a different formula to calculate taxable value is not the legal equivalent of an "exemption."
>
> Furthermore, the Mississippi Legislature has listed all general ad valorem tax exemptions in Mississippi Code Annotated Section 27-31-1 through 117 (Rev. 2006).  The Legislature did not include the "special-income capitalization approach" . . . within its listing of general exemptions.

***3545 Mitchell Rd., LLC,*** 2010 WL 2593947, at *7 (¶¶25-26) (Roberts, J., dissenting). We agree with Judge Roberts's reasoning.

11

¶26.    Moreover, while permitting owners of affordable rental housing to use a specialized tax approach is generally the functional equivalent of a tax exemption, this Court disagrees that the Legislature has expressed an intention to create an exemption in Section 27-35-50(4)(d) (Rev. 2010).

¶27.    In *Clement v. Stone*, 195 Miss. 774, 791, 15 So. 2d 517, 522 (1943), this Court directly stated that "no exemption from taxation will be created by implication." In *Barnes v. Jones*, 139 Miss. 675, 103 So. 773, 779 (1925) (citing Miss. Code § 4251 (1906); Hemingway's Code § 6878), this Court stated that "all property of every nature whatsoever within the territorial limits of this state shall be subjected to taxation, except that which is specifically exempted by statute." Nowhere has the Legislature stated that Section 27-35-50(4)(d) is an exemption. Moreover, the 2007 Land Roll clearly shows that Tupelo's properties were not listed as exemptions but were subject to taxation and assessment on the preceding tax lien date.

¶28.    Notwithstanding that this Court has held that exemptions will not be created by implication, the majority for the Court of Appeals based its holding in part on the similarities between the homestead-exemption statute and specialized taxation under Section 27-35-50(4)(d). *3545 Mitchell Road, LLC,* 2010 WL 2593947, at *4 (¶14). The Court of Appeals stated, "We note that such an exemption is similar to the favorable treatment found in the homestead exemption in Mississippi Code Annotated Section 27-33-3 (Rev. 2006) . . . [I]t is a reduction in the amount of ad valorem taxes owed by the property owner." *Id.* However, unlike Section 27-35-50(4)(d), the homestead-exemption statute clearly states that "homes

12

legally assessed on the land roll . . . *shall be exempt* from the ad valorem taxes herein enumerated . . . ." Miss. Code Ann. § 27-33-3(1) (Rev. 2010) (emphasis added).

¶29. The Legislature has the sole authority to create tax exemptions, not this Court. Miss. Const. art. 4, §112. Any disagreements with the Legislature's directives on tax exemptions "are best aimed toward the Legislature." ***Buckel v. Chaney***, 47 So. 3d 148, 159-160 (Miss. 2010) (citing ***Miss. State Univ. v. People for Ethical Treatment of Animals***, 992 So. 2d 595, 610 (Miss. 2008)) (citations omitted).

## CONCLUSION

¶30. Based on today's discussion, we are constrained to find that the Court of Appeals erred by finding that (1) the lands at issue had been "incorrectly classified" under Section 27-35-143(11), and (2) Section 27-35-50(4)(d) constituted a tax exemption for purposes of Section 27-35-147(4). Accordingly, the judgment of the Court of Appeals affirming the judgment of the Lee County Circuit Court and the trial-court judgment are reversed, and this case is remanded to the Circuit Court of Lee County for an evidentiary hearing to determine the amount of reimbursement to which 3545 Mitchell Road LLC d/b/a Tupelo Trace Apartments and Pinecrest/Tupelo, L.P. d/b/a Tupelo Seniors Apartments are entitled as a result of overpayment of ad valorem taxes for the year 2007, plus interest.

¶31. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**