# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-01358-SCT

***RIVERBOAT CORPORATION OF MISSISSIPPI***
***d/b/a ISLE OF CAPRI CASINO***

***v.***

***HARRISON COUNTY BOARD OF SUPERVISORS,***
***TAL FLURRY, TAX ASSESSOR FOR HARRISON***
***COUNTY, MISSISSIPPI AND CITY OF BILOXI,***
***MISSISSIPPI***

| | |
|---|---|
| DATE OF JUDGMENT: | 09/02/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT GREGG MAYER |
| | FRED L. BANKS, JR. |
| | JEROME C. HAFTER |
| | JAMES GRADY WYLY, III |
| ATTORNEYS FOR APPELLEES: | TIM C. HOLLEMAN |
| | PATRICK TAYLOR GUILD |
| | RONALD G. PERESICH |
| | WILLIAM V. WESTBROOK, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED- 07/28/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Today, we are asked to abandon the common law of this state, pronouncements of this Court, and customs and practices of trial courts across this state, all dating back to the nineteenth century, under the guise that today's issue has not yet been squarely before this Court. We are asked to overrule a learned trial judge who, for some of the reasons just

mentioned, determined a jury trial should be had in an appeal of a county's ad valorem tax assessment. We reject the appellant's invitation, finding no error, and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     The property of Riverboat Corporation, an ad valorem taxpayer, was subject to assessment by the Harrison County Board of Supervisors ("the Board") because Riverboat owned certain personal and real property in Harrison County. In 2010, the county's tax assessor determined that the true value of the property was $145,041,552, and placed the property on the tax roll of the county at an assessed value of $21,756,233 (fifteen percent of the true value).[1] Riverboat objected to the assessment, arguing that the proper true value of the property was $33,166,433, which would result in an assessed value of $4,974,965. The Board denied Riverboat's objection. Aggrieved, Riverboat filed a timely notice of appeal in the Circuit Court of Harrison County, Second Judicial District. Subsequently, the county filed a bill of exceptions embodying the relevant facts, judgment, and decision of the Board.

¶3.     The county filed a request for a jury trial. Riverboat later appealed the county's tax assessments for 2011 and 2012.[2] The City of Biloxi subsequently moved the court to allow

---

[1]The assessed value of $21,756,233 was then multiplied by the applicable millage rate for 2010, 0.10760, resulting in a total tax of $2,340,971. Riverboat's argument that the assessed value was actually $4,974,965 would result in a total tax of $535,306, the difference being $1,805,665.

[2]In 2011, the county assessed the property at a true value of $141,046,602, and an assessed value of $21,156,990. Riverboat alleged that the true value was actually $52,491,460, which resulted in an assessed value of $7,873,719. In 2012, the county assessed the property at a true value of $137,491,409, with an assessed value at $20,623,711. Riverboat alleged the true value for 2012 was actually $61,341,332, which would result in

2

it to participate as an additional party defendant-appellee and to allow amendment of the county's bill of exceptions to add the city as a defendant-appellee.[3] The trial court granted the city's motion and allowed the city to intervene in the case. The city then joined in the county's request for trial by jury.

¶4.   Riverboat filed a motion to consolidate all three appeals. Riverboat then moved for a bench trial instead of a jury trial. Riverboat averred that there is no right to a jury trial in tax appeals, arguing that under Mississippi Constitution Article 3, Section 31, a right to a jury trial applies only to cases in which a jury trial was required by common law. According to Riverboat, tax appeals did not exist at common law at the time the 1817 Mississippi Constitution was adopted. Therefore, no right to a jury trial exists in a tax appeal. Riverboat additionally argued that a jury trial would prejudice Riverboat because it would put the issue of taxes to other taxpayers in the county. The city and county argued that this Court previously has acknowledged that jury trials are available under Sections 11-51-77 and 27-35-119, citing numerous tax-appeal cases and arguing that jury trials consistently have been held in tax appeals.

¶5.   The trial court found (1) that the case should be tried by a jury and denied Riverboat's motion for a bench trial, (2) that the phrase "shall be tried anew" in Section 11-51-77 was

an assessed value of $9,201,200.

[3]Previously, the city entered into an agreement with the county to allow the county to assess and collect taxes for the city. The city argued that it had a vested interest in the outcome of the appeal because, if a refund was granted, the city would have to issue the refund.

3

indicative of the Legislature's intent to guarantee a jury trial, and (3) that tax appeals were tried by jury at common law. We granted Riverboat's petition for interlocutory review.

## ANALYSIS

¶6.     Article 3, Section 31 of Mississippi's 1890 Constitution provides that "[t]he right of trial by jury shall remain inviolate . . . ." Miss. Const. art. 3, § 31.[4] "The standard of review this Court employs for constitutional issues is de novo." *Deeds v. State*, 27 So. 3d 1135, 1141 (Miss. 2009).

¶7.     The narrow question as advanced by Riverboat—whether there is a right to a jury trial in an appeal of a county's ad valorem tax assessment—has not been presented precisely to this Court. However, the custom, practice, and usage of jury trials in tax-dispute cases has been recognized and reported by this Court for parts of three centuries. Our inquiry is not limited by Riverboat's artful drafting. The essential element of proof in dispute in this case is the value of property. Before us is a civil cause of action, the resolution of which requires the determination of a disputed fact. There can be no judgment in the absence of that factual determination. The statute authorizing this suit to be tried anew in circuit court is silent regarding the right to a jury trial. It is important to note that this case is not similar to an

---

[4]The phrase "remain inviolate" "'implies, that under some system, previously in force, this right, of trial by jury, was 'inviolate;' and to this system we must have reference, to ascertain the extent and meaning of this prohibition against encroachment on 'the principles of liberty and free government.'" *Isom v. Miss. Cent. R. Co.*, 7 George 300, 308 (Miss. Err. & Apps. 1858). In fact, all four of Mississippi's constitutions have provided that "[t]he right of trial by jury shall remain inviolate." *See* Miss. Const. art 1., § 31. (1890); Miss. Const. art. 1, § 12 (1868); Miss. Const. art. 1, § 28 (1832); Miss. Const. art. 1, § 28 (1817).

appeal from a decision by an administrative agency for which the Legislature has provided no more than the right of an appeal rather than, as under the statute before us today, a trial anew. *Compare* Miss. Code Ann. § 11-51-77 (Rev. 2012) ("The controversy shall be tried anew in the circuit court . . . .") *with* Miss. Code Ann. § 77-3-67 (Rev. 2009) (specifically providing for an appeal from the Public Service Commission to the chancery court). It also is interesting to note that most statutes providing for *appeals* from administrative agencies direct litigants to the chancery court—which ordinarily hears cases without a jury—rather than, as here, directing that the case be tried anew in the circuit court—where trials without juries are the exception. *See* Miss. Code Ann. § 77-3-67(1) ("[A]ny party aggrieved by any final finding, order or judgment of the commission, except those final findings, orders or judgments specified in Section 77-3-72, shall have the right, regardless of the amount involved, of appeal to the chancery court of the judicial district in which the principal place of business of the utility in the state of Mississippi is located.").

¶8.     This Court, on prior occasion and well before the adoption of our 1890 Constitution, addressed the right to trial by jury when statutes giving rise to actions were silent as to that right. In a case involving one such silent statute, concerning recovery by sureties, our predecessors prophetically pronounced that

> [i]ssues of fact in this class of cases, must be tried, as all other issues of fact are tried in the circuit courts, by a jury, which may be impanelled under the

5

authority of the court, for the purpose of ascertaining the truth of the facts,[5] upon which the judgment is to be pronounced.

*Scott v. Nichols*, 5 Cushm. 94, 95 (Miss. 1854). In *Scott*, the plaintiff in the trial court sought to recover money paid as surety against the administrator of an estate. This Court emphatically declared the right to a jury trial "is unquestionably the parties' right, and the court will not be departing from its *well established rules of practice* in granting it, though the statute may be silent on the subject." *Id.* (emphasis added); *accord Woodward v. May*, 4 Howard 389, 394-95 (Miss. 1840); *Smith's Adm'r v. Smith*, 1 Howard 102 (Miss. 1834).

¶9.     Our predecessors sagely and emphatically held that "*[i]n practice*, the court should never refuse [a] party the privilege of a trial by jury, if desired." *Scott*, 5 Cushm. at 95 (emphasis added). Almost a hundred years after the adoption of the 1890 Constitution, the *Rebelwood* Court described jury trials as a "right." *Rebelwood, Ltd. v. Hinds Cty.*, 544 So. 2d 1356, 1368 (Miss. 1989), *superceded on other grounds by statute as stated in Willow Bend Estates, LLC v. Humphreys Cty. Bd. of Supervisors*, 166 So. 3d 494 (Miss. 2013). This Court customarily has ruled in appeals involving disputes related to taxes involving jury verdicts for more than a hundred and fifty years. *See id.* (finding the taxpayer's right to trial by jury must "be respected the same as in any other civil case" and applying this view to "property tax appeals heard *de novo* in the circuit court the same as in any other civil case tried before a jury"); *Lavecchia v. Vicksburg*, 20 So. 2d 831, 832-33 (Miss. 1945) (reversing

_____

[5]This pronouncement is consistent with the purpose and construction of our present rules of evidence "that the truth may be ascertained." M.R.E. 102.

a trial court judgment for giving a peremptory jury instruction, for the jury's "province was to determine the taxable value of the property"); *accord* ***Knox v. L. N. Dantzler Lumber Co.***, 114 So. 873, 879 (Miss. 1927); ***Robertson v. U.S. Nursery Co.***, 83 So. 307, 311 (Miss. 1919); ***Gloster Compress & Trading Co. v. Town of Gloster***, 76 So. 550, 551 (Miss. 1917); ***City of Clarksdale v. Stuart***, 185 So. 588, 588-89 (Miss. 1939) ("The property owner had a right to have the court instruct the jury on [the statute]."); *accord* ***City of Clarksdale v. Fitzhugh***, 185 So. 587, 587-88 (Miss. 1939); ***Redmond v. City of Jackson***, 108 So. 444, 446 (Miss. 1926) (affirming a trial court's refusal to give a peremptory jury instruction); ***Bank of Oxford v. Bd. of Supervisors***, 29 So. 825, 825 (Miss. 1901) (remanding for new trial because jury verdict was in excess); ***Wm. Atkinson & Bacot Co. v. Pike Cty.***, 18 So. 924 (Miss. 1895) (refusing to overturn a jury verdict).

¶10.    The dissent relies upon dicta which cites a Kentucky case for the proposition that tax-related appeals were not tried before juries at common law. *See* Dis. Op. ¶ 23 (quoting ***Griffin v. Mixon***, 38 Miss. 424, 437-38 (Miss. Err. & App. 1860) (citing ***Harris v. Wood***, 22 Ky. 641 (1828))). The ***Griffin*** opinion included that citation in a series of citations covering twelve pages of works attributable to Lord Coke, Chancellor Kent, Chief Justice Marshall, Thomas Hobbes, and Daniel Webster, among many others. Following  this discourse, Justice Harris, writing for the Court, stated, "with all becoming deference to the great minds, . . . my reason will not allow me to give my sanction, as a public officer, to doctrines so subversive, in my humble judgment, of the principles and theory of our

7

republican, constitutional governments." ***Griffin***, 38 Miss. at 449-50. Justice Harris described the issue before the court as "whether the legislature had power . . . to vest the title to lands, delinquent for nonpayment of taxes, in the State of Mississippi" (the plaintiff claimed title under a deed from the state). ***Id.*** at 424, 434. Jury trial was not at issue, for ***Griffin*** was tried before a *jury*. ***Id.*** at 425. At the conclusion of trial, there was a *jury* verdict and a judgment based on that verdict for the defendant landowner. ***Id.*** at 427. That judgment, resulting from a *jury* verdict, was affirmed by the Mississippi Supreme Court in 1860. ***Id.*** at 452.

¶11.    The foundation of the right to a jury trial is that the common law to which Section 31 of the 1890 Constitution applies is the common law of this state as it existed when that Constitution was adopted, as opposed to Riverboat's reliance on the common law as it existed when Mississippi's first Constitution was created in 1817. The courts of this state have rejected such a static view of the common law, as such a dogmatic approach ignores its evolving nature. *See **Mitchell v. State***, 176 So. 743, 747 (Miss. 1947) ("The common law, however, both in its substantive and in its adjective features, is not now, never has been, and never will be, static or stagnant.").

¶12.    Section 31 of our Constitution "must be considered in connection with other sections of the Constitution, *and in connection with the known practice at the time of the adoption of the Constitution*." ***Knox***, 114 So. at 877 (emphasis added). In 1854, prior to the adoption of the 1890 Constitution, ***Scott*** pronounced that "[i]n practice, the court should never refuse [a] party the privilege of a trial by jury, if desired." ***Scott***, 5 Cushm. at 95. Similarly, in 1860, a

8

jury trial was held in a tax-forfeiture dispute, and this Court affirmed the jury verdict. *Griffin*, 38 Miss. at 452. Eleven years after adoption of the 1890 Constitution, in a case almost identical to the one *sub judice*, this Court ruled on a tax-assessment appeal founded upon a jury verdict. In *Bank of Oxford*, the bank appealed its tax assessments for the previous six years. *Bank of Oxford*, 29 So. at 825. This Court found the jury verdict was in excess and remanded for a new trial. *Id.* Similarly, this Court later affirmed a jury verdict when a hotel appealed its tax assessments. *See Leaf Hotel Corp. v. City of Hattiesburg*, 150 So. 779, 779-80 (Miss. 1933).

¶13. While the preceding line of cases enlightens us to the custom, common practice, and law of our state *circa* the adoption of the 1890 Constitution, equally instructive is a line of tax-appeal cases held without a jury, which were appealed to this Court. In those cases, a jury was expressly *waived*, either because the case relied upon stipulated and agreed-upon facts, or because the trial court was confronted with only a pure legal issue.[6] When there exist no issues of fact, there is no need for a jury. That was true in 1854, and it is true today. *See*

---

[6]*See Adams v. People's Bank of Biloxi*, 66 So. 407, 407 (Miss. 1914) (jury waived because the court was asked to determine whether assessments comported with the statute and whether res judicata applied); *People's Warehouse Co. v. Yazoo City*, 52 So. 481, 482 (Miss. 1910) ("[A] jury being waived, . . . [t]he trial was had on agreed facts . . . ."); *State v. Smith*, 8 So. 294, 295 (Miss. 1890) (The case was tried without a jury because the court was asked to determine whether nonresident lender was subject to taxation.); *Dodds v. Marx*, 63 Miss. 443, 444-46 (1886) ("The cause was submitted to the court without a jury by consent," as the court was asked to determine the validity and application of multiple assessments on a single parcel.). Evidence of this practice continues to exist as recently as 2011. *See 3545 Mitchell Rd., LLC v. Bd. of Supervisors*, 62 So. 3d 379, 382 (Miss. 2011) ("By agreement of the parties, the case was tried based on a written stipulation of facts[.]").

*Scott*, 5 Cushm. at 95; M.R.C.P. 56. Also telling is the use of legal terms like "waiver," "consent," and "agreement." "Waiver" means "the voluntary relinquishment or abandonment of a legal right or advantage." *Waiver*, Bryan A. Garner, Garner's Dictionary of Modern Legal Usage 923 (2d ed. 1995). "In general usage today, *waive* means 'to relinquish something that one has the right to expect.'" *Id.* at 922. Were there no right to a jury trial, there would have been no need to waive or relinquish that right.

¶14. Riverboat argues these cases are of little or no import because the precise question regarding the right to a jury trial in cases such as the one before us today was not squarely before this Court. But it defies credulity that for a period of time spanning parts of three centuries, not a single litigant has ever claimed the grant of a jury trial as an error in cases such as the one before the Court today, nor has any justice who ever served on this Court suggested that it should ignore a jury verdict or that it would be plain error for a jury to be empaneled in a tax-assessment case—especially in the cases in which this Court was constrained to interfere with a judgment because it was brought about by a jury verdict. *See, e.g., Rebelwood*, 544 So. 2d at 1368. Until now, no one has even hinted that such a right does not exist in a tax-assessment case. By the time our Constitution of 1890 was adopted, the right to a jury trial was so ingrained in our consuetudinary law[7] that it was understood that

[7]*See Customary Law*, Black's Law Dictionary (10th ed. 2014) ("Law consisting of customs that are accepted as legal requirements or obligatory rules of conduct. . . . Also termed consuetudinary law.").

the right existed.[8] The longstanding use of jury trials in this state's tax-assessment cases renders Riverboat's argument that jury trials should be disallowed for public-policy reasons meritless.

¶15.    The jury represents the community's conscience and common sense—qualities not always exhibited by the government. Nothing gives our citizenry more direct participation in the running of their own government than voting and jury service. Jury trials were so important to our founders that they are guaranteed in the Sixth and Seventh Amendments. With both reason and justice to recommend applying these principles to today's case, the words of our predecessors in **Smith** are *apropos*:

> The right of trial by jury, as it exists here, is derived from the common law, and it is so highly valuable to the citizen, so essential to liberty, that it is secured as a constitutional right, and must, in a government like ours, be understood to extend at least as far as it did at the common law, and if alterations are made, policy would dictate an extension rather than a restriction of a privilege invaluable in itself, and so highly prized by the citizen.

---

[8]*See **Scott***, 5 Cushm. at 95 (Trial by jury "is unquestionably the parties' right, and the court will not be departing from its *well established rules of practice* in granting it, though the statute may be silent on the subject.") (emphasis added). *See also **Duckworth v. Allis-Chalmers Mfg. Co.***, 150 So. 2d 163, 166 (Miss. 1963) ("There are no statutes or rules of this Court providing for cross-appeals. However, *by long continued custom and practice*, an appellee may take a cross-appeal . . . .") (emphasis added); **State Game & Fish Comm'n v. Louis Fritz Co.**, 193 So. 9, 12 (Miss. 1940) (allowing owners of land abutting a lake access to the entire lake comports with "the immemorial usages, customs, and practices of our people"); **Shenehon v. Ill. Life Ins. Co.**, 100 Ill. App. 281, 287 (1902) ("In England . . . the jurisdiction of courts was principally consuetudinary . . . established by custom and time[.]"); **Orr v. Quimby**, 54 N.H. 590, 638 (1874) ("Custom is a great source of the common law. Indeed, the common law, properly so called, has been understood to be a mere mass of customs.").

***Smith***, 1 Howard at 105.

## CONCLUSION

¶16.    Cases in which the statute creating the cause of action was silent regarding jury trial have been tried before juries for parts of three centuries. That continued custom and practice is our common law, and it was an inviolate right prior to the adoption of our 1890 Constitution. We therefore find that the right to a jury trial exists in tax-assessment appeals to circuit court. The judgment of the Circuit Court for the Second Judicial District of Harrison County is affirmed, and the case is remanded for further proceedings consistent with this opinion.

¶17.    **AFFIRMED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.**

**KING, JUSTICE, DISSENTING:**

¶18.    Because I believe no statutory or constitutional right to a jury trial exists in ad valorem tax assessment appeals, I respectfully dissent and would reverse the trial court's denial of Isle of Capri's motion for a bench trial.

¶19.    In Mississippi, the right to a jury trial exists solely through our Constitution or through legislative enactment.[9] Mississippi Constitution Article 3, Section 31 provides that the "right

---

[9]"The right of trial by jury as declared by the Constitution or any statute of the State of Mississippi shall be preserved to the parties inviolate." M.R.C.P. 38(a).

12

of trial by jury shall *remain* inviolate . . . ." Miss. Const. art. 3, § 31 (emphasis added). It is well settled law that the constitutional right to a jury trial applies exclusively to those cases "in which a jury trial was necessary at *common law*." ***Wells by Wells v. Panola Cty. Bd. of Educ.***, 645 So. 2d 883, 898 (Miss. 1994) (emphasis in original); *see also **Isom v. Mississippi Cent. R. Co.***, 7 George 300, 309 (Miss. 1858) (quoting ***Smith v. Smith***, 1 How. 102, 105 (Miss. 1834)) ("the right of trial by jury . . . is derived from the common law . . . . and must extend as far as it did in common law"). Thus, in order for a constitutional right to a jury trial to exist in tax assessment appeals, the right must have existed at common law, before our Constitution was enacted. Put differently, if there was no action at common law to appeal a tax assessment, and the action instead was created by statute, our state Constitution could not have preserved the right to a jury trial in these cases and the right under our Constitution does not now exist.

¶20.     The question of whether a right to a jury trial exists in ad valorem tax assessment appeals previously has not been presented to this Court. Although the majority states that the custom, practice, and usage of jury trials in tax-dispute cases has been recognized and reported by this Court, "[t]his Court does not ordinarily reach constitutional issues unless they are raised. A constitutional issue not raised cannot be considered as having been

13

decided, *sub silentio*." ***Foster v. Harden***, 536 So. 2d 905, 907 (Miss. 1988).[10] In ***Al-Hawarey***

***v. Al-Hawarey***, the Missouri Court of Appeals explained the reasoning behind this policy:

> Our Supreme Court has professed a presumption against sub silentio holdings, based not only on the general preference that courts adhere to precedent and overrule earlier decisions expressly, but also because the implicit nature of a sub silentio holding has no stare decisis effect and does not bind future decisions of the Court. *Id.* Thus, stare decisis does not apply to implicit holdings of jurisdiction. If it did, it would mean that any appellate court that exercised jurisdiction erroneously without explicitly adjudicating the question of jurisdiction would thereafter bind future appellate courts, a result that could cause appellate courts to have ever-expanding jurisdiction without even having considered the question of jurisdiction. An application of stare decisis in this fashion would permit a court to decide any case before it without having jurisdiction, a result incompatible with promoting stability in the law.

***Al-Hawarey v. Al-Hawarey***, 460 S.W.3d 40, 42-43 (Mo. App. E. Dist. 2015), *reh'g and/or*

*transfer denied* (Mar. 11, 2015), *transfer denied* (Apr. 28, 2015) (citing ***State v. Honeycutt***,

421 S.W. 3d 410 (Mo. 2013)).

¶21.    While this issue previously has not been raised in this Court, this precise question has

been raised and decided by numerous jurisdictions. The vast majority of states that have

considered the issue have held that there is no constitutional right to a jury trial in tax

---

[10]*See also **In The Matter of the Adoption of J.E.B**, 822 So. 2d 949, 952 (Miss. 2002) (quoting **Humphrey v. Pannell**, 710 So. 2d 392, 400 (Miss. 1998)) (emphasis added) ("This Court considers it improper to incidentally rule upon the propriety of post-adoption visitations in the present case, however, and we leave a ruling on this important issue to future cases when the issue is *squarely before* this Court.") (emphasis added); **Price v. State**, 336 So. 2d 1311, 1312 (Miss. 1976) ("In several cases since the statute was changed to its present form, the Court has used language indicating that severance is a matter of right if seasonable application is made. . . . However, in each of those cases the Court did not have *squarely before* it the question whether a separate trial was a matter of right, therefore the statements in those cases were obiter dictum.") (emphasis added).

appeals, because actions against sovereigns to appeal taxes did not exist at common law. *See Jernigan v. Jackson*, 704 S.W. 2d 308, 310 (Tenn. 1986) ("We have not found a single state that authorizes jury trial upon demand in litigation involving the collection or refund of revenue due a state. . . . The conclusion is inescapable that no constitutional right to a jury trial in tax cases is available to litigants in Tennessee. . . ."); *Commonwealth v. Marco Elec. Mfg. Corp.*, 379 A.2d 342, 343 (Pa. Commw. Ct. 1977) ("While appellant is undoubtedly correct in asserting that the sovereign's right to tax antedates the Constitution of this Commonwealth, appellant has not established, and, we believe, cannot establish, that a right to a jury trial in a tax appeal existed at common law.").[11]

¶22.    At the beginning of this country, the doctrine of sovereign immunity barred actions against the government. *Wells by Wells v. Panola Cty. Bd. of Educ.*, 645 So. 2d 883, 898 (Miss. 1994). "The governmental and business situations at the beginning of this country were such that the founding fathers thought sovereign immunity at that time was proper." *Pruett v. City of Rosedale*, 421 So. 2d 1046, 1047 (Miss. 1982), *overruled on other*

---

[11]*See also **Rush v. Dep't of Revenue of Ala.**, 416 So. 2d 1023, 1024 (Ala. Civ. App. 1982) ("Our courts have held that since there was no right to jury trial in tax assessment cases when our constitution was adopted, the right to a jury trial never operated in such a proceeding except as provided by statute."); **Thomas Forman Co. v. Owsley Cty. Bd. of Supervisors**, 101 S.W. 2d 939, 941 (Ky. 1937) ("No constitutional right to a trial by a jury exists. It is unlike cases where at the common law a jury trial was customarily had. Here the whole machinery for the correct assessment of property is fixed by the statute, which does not provide for a jury trial."); *but see **Dep't of Revenue v. Printing House**, 644 So. 2d 498, 500 (Fla. 1994) (holding that, historically, if a tax collector failed to pay taxes there was no right to a jury trial, but after tax was collected, there was a common law action that involved a jury trial).

*grounds.*[12] So at common law, actions against individual tax collectors existed but actions against the sovereign were barred. Individuals were not entitled to sue governmental entities without governmental consent. The California Supreme Court noted the difference between an action against individual tax collectors versus against the government:

> [S]tatutory actions for tax refunds from the government have generally not been placed in the same class as the common law right of action against individual tax collectors. Most courts have viewed actions for a refund from the government as new and distinct proceedings, subject to such conditions as the legislative branch sees fit to impose. At common law, sovereign immunity barred actions against the government, by way of jury trial or otherwise.

***Franchise Tax Bd. v. Superior Court***, 252 P. 3d 450, 452 (Cal. 2011). Actions against a tax collector and actions against the sovereign are separate and distinct.

¶23.    Because actions against the sovereign were barred at common law, I believe that the right to a jury trial  in ad valorem tax assessment appeals was not preserved by our Constitution and does not now exist. This Court's analysis in ***Griffin v. Mixon*** supports the conclusion that tax appeals  were not tried by juries at common law in Mississippi:

> That the legislature may provide for the assessment of taxes, and create officers,-executive and judicial,-in a summary manner to levy and collect taxes, nobody ever doubted. This has been practised, under our Constitution, without objection, since the organization of our State government. In doing so, the legislature creates a court, and provides for notice, where parties can be heard, judgment rendered, execution issued, and property sold, according to the just provisions of a known law,-organic as well as legislative. It is done without form, but when examined, there will be found in its hasty and informal

---

[12]"At common law, sovereign immunity barred actions against the government, by way of jury trial or otherwise." ***Franchise Tax Bd. v. Superior Ct.***, 252 P.3d 450, 453 (Cal. 2011).

character, all the essential elements of a court and its attendant officers, & c. [sic] No jury trial is specially provided for, nor is it necessary. Trial by jury, as known to our Constitution and known to the common law, was never employed, from its earliest history, in these summary proceedings; and hence it "remains inviolate," as practised at the adoption of our Constitution.

*Griffin v. Mixon*, 38 Miss. 424, 437-38 (Miss. Err. & App. 1860).[13] Accordingly, in order to proceed in an action against the government, the Legislature must have waived this immunity through statute. The Mississippi Legislature did this by creating a statutory procedure to appeal a county's ad valorem tax assessment.

¶24. This Court previously has found that no constitutional right to a jury trial exists in purely statutory causes of action that were not tried by jury before Mississippi's Constitution was adopted. Jury trials are not authorized under the Mississippi Worker's Compensation Law, because the entire procedure was brought into existence by the Legislature. *Walters v. Blackledge*, 71 So. 2d 433, 445 (Miss. 1954) ("The entire procedure involved in the act has been brought into existence or created by the Legislature since the adoption of our Constitution, containing the provisions that the right of trial by a jury shall remain inviolate."). Claims under the Mississippi Tort Claims Act (MTCA) also are tried without

---

[13]The question before the Court in *Griffin* was whether the Legislature may enact a statute that divested a citizen of his/her property without notice for unpaid taxes. The *Griffin* Court found that the government may not divest a citizen of his/her property for unpaid taxes by mere legislative enactment without due course of law. *Griffin*, 38 Miss. at 465 ("A plain and ready, even summary mode, for the collection of taxes due the government, is in the power of the legislature, without resort to the extraordinary, arbitrary, and oppressive remedy of taking the land of the citizen, by mere declaration of legislative forfeiture."). The Court found that, although the legislature may provide for a summary manner to levy and collect taxes, the government must provide a jury trial to divest the citizen of property.

17

a jury. ***Simpson v. City of Pickens***, 761 So. 2d 855, 860 (Miss. 2000) ("[s]uits against the State of Mississippi or a school district are not 'suits at common law.'"). In proceedings to annex territory to a city, no constitutional right to a jury trial exists, because this constitutional right "applies only to those cases where a jury was necessary according to the principle of the common law." ***In re Extension of Boundaries of City of Meridian***, 115 So. 2d 323, 326 (Miss. 1959).

¶25.    It is true that the Legislature may provide a right to a jury trial when the constitutional right is absent. ***City of Meridian v. Davidson***, 53 So. 2d 48, 63 (Miss. 1951). "[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." ***Lehman v. Nakshian***, 453 U.S. 156, 168, 101 S. Ct. 2698, 69 L. Ed. 2d 548 (1981).[14] The State of Mississippi is, like the United States, generally immune from liability. Therefore, the Legislature must clearly and unambiguously provide for a statutory right to a jury trial in an action against the sovereign. Yet the Legislature has not clearly provided for a right to a jury trial in Section 11-51-77, as it has in similar statutes. As the majority states, "the statute authorizing this suit

---

[14]State courts also have held that the right to a jury trial must be affirmatively expressed when the State waives its immunity to suit. *See* ***Skinner v. Angliker***, 559 A. 2d 701, 706 (Conn. 1989) ("When the state, by statute, waives its immunity to suit . . . the right to a jury trial cannot be implied, but rather, must be affirmatively expressed."); ***Unemployment Comp. Comm'n v. J.M. Willis Barber & Beauty Shop***, 15 S.E. 2d 4, 7 (N.C. 1941) (The right to a trial by jury under the Constitution "has been generally held inapplicable to matters concerned with the administration of the tax laws and the machinery for the collection of taxes, unless the statute affords express authority for this method of determining questions of fact.").

to be tried anew in circuit court is silent regarding the right to a jury trial." I believe that the phrase "tried anew" merely means that the standard of review is *de novo* and is not indicative of the right to a jury trial.[15] As the Alabama Supreme Court has held:

> The requirement that the trial in the circuit or city court shall be anew, means and can mean nothing else than that the court shall approach the case just as the board did, on the evidence pro and con as to whether the valuation assessed by the tax assessor should be increased, and should determine that issue, treating the assessment of that officer-and not that of the board-as prima facie correct, wholly regardless of the board's action.

*Sullivan v. State*, 20 So. 452, 453 (Ala. 1896). Because the Mississippi Legislature has not "affirmatively and unambiguously" provided for a right to a jury trial in ad valorem tax assessment appeals, I believe that this Court cannot read that right into the statute and find a legislative intent that is not there.[16]

¶26.   This Court held in *Dingey v. Paxton*, 60 Miss. 1038, 1057 (Miss. 1883), that "[w]hat is due process of law in proceedings for the collection of taxes is left by our Constitution largely to the legislative discretion." Thus, it is the Legislature's duty to provide for a right to a jury trial where the constitutional right is absent. Because I believe that no right to a jury

---

[15] *See Crouchman v. Superior Ct.*, 755 P.2d 1075, 1077 (Cal. 1988), *as modified* (Aug. 31, 1988) ("First, as stated, the Legislature has never expressly provided for a jury trial in the small claims appeal, although it has the power and ability to do so. (*See, e.g.*, § 1141.20, subd. (b), providing that after judicial arbitration, '[a]ny party may elect to have a de novo trial, *by court or jury*, both as to law and facts.' [Italics added.] )").

[16] The United States generally is immune from suit unless it consents to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S. Ct. 2698, 2702 (1981). The United States Supreme Court has held that "the plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued.' Like a waiver of immunity itself, which must be 'unequivocally expressed.'" *Id.* (internal citations omitted)

trial existed in these cases at common law and because the statute does not clearly or unambiguously provide for the right to a jury trial, I believe that no right to a jury trial in tax assessment appeals exists and that the trial court's order denying a bench trial must be reversed. Accordingly, I dissent.

**KITCHENS, J., JOINS THIS OPINION.**