Mr. Chief Justice Shaukey
delivered the opinion of the court.
This case comes before this court’by an appeal from the circuit court of Wilkinson county. It was a motion in that court made under a provision in the Revised Code, p. 142, s. 160, by the defendant, to recover a sum of money alleged to have been paid by him, as security for the plaintiff’s intestate, by virtue of a judgment obtained against him on a joint note. The motion seems to have been regularly made under the provision in the statute, but it is contended by the counsel for the plaintiff, that the law *103 under which it was made is unconstitutional, and this is the principal point to be decided by this court.
Two different provisions in the constitution have been referred to as bearing .on this question. First, that no exclusive privilege can be granted by the legislature to any person, body ,politic or corporate, but in consideration of public services rendered; and secondly, that provision which extends to every one the right of trial by jury. Does the. section of law referred to conflict with either or both of these provisions? If so, it is void, and the motions should not have been sustained.
In order to decide on the first point, it will be necessary to inquire into the situation of the parties after the payment by the security, and from that situation whether it would amount to an exclusive privilege, thus to allow him to recover the amount paid. By the common law such a payment would place the party in no other condition than that of a creditor for money paid, having no other remedy than by action to recover the amount. It would be nothing more than the payment of money for the benefit of another, and I do not perceive any. substantial reason why such a creditor should have a preference over any other who. had expended money for the benefit or use of the debtor; and, indeed, many reasons might be urged why he should not be placed in a more favored condition. If, for instance, the money were paid by contract between the principal and security, (and such contracts frequently exist,) or if he should make the payment in virtue of a pre-existing debt between the parties, the defendant should not be deprived of the benefit of his defence, and such an inquiry could not be made in a motion. It must follow that the creditor who could thus enforce the payment of money by virtue of a special provision limited to a particular class of debts, enjoys an exclusive privilege over others equally entitled, in justice, to the payment of their claims, and I believe that it is such a privilege as the constitution intended to prohibit.
That the money was paid under a judgment obtained cannot materially alter the case: between the parties reasons might exist to defeat a recovery which could not have been urged against the plaintiff in the judgment.
On the other point I entertain no doubt that the court erred in *104 giving judgment. It will not be pretended that this remedy can be pursued by any but a surety who has actually paid money under a judgment obtained; and although two important facts are necessary to be determined which.the party sought to be charged would have an undoubted right to contest, yet no provision is made by the statute for the intervention of a jury.
In the first place, it is necessary that the party claiming should show that he was a mere surety, and under the provision as it stands, this must necessarily be determined by the court, by having such evidence as the party could produce, in most cases by parol, for it does not follow, in the common course of business, that every one who signs his name second or third to a bond or note is a mere security, and an instrument so made is no evidence in itself, that any or either of the makers signed in that character. The court would therefore be compelled, as it did in this case, to hear evidence of the fact and decide on that evidence, an inquiry totally incompatible with the powers and duties of the court.
The defendant, if by chance he should be informed of the proceedings, (for the statute does not require that he should have notice,) would have a right, or at least should have, to introduce his testimony, and thus the court would be called on to weigh the testimony, determine the credibility of the witnesses, and in all things perform the duties of a jury, and thus deprive the party of the benefit intended to be secured by the constitution. The same reasoning will apply in regard to the fact of payment, for it does not follow that it must appear of record. Here there are two separate and distinct facts, traversable by the defendant, and of right, triable only by a jury, which' the court must necessarily decide, and perhaps form a mass of parol testimony, complicated and contradictory, and proper only for the scrutiny and determination of a jury.
It was said by the chancellor, in a case before the court of errors in New York, reported 8 Wendell, 85, that the same provision in the constitution of that state “ relates to the trials of issues of fact in civil and criminal proceedings in courts of justice.” This is undoubtedly true as far as it goes, and I regret that the court in that case did not find it necessary to extend the inquiry. It seems to me that this provision in the constitution not only *105 extends to issues of facts made up, but that it must necessarily secure the right to make up an issue; that although an issue is in most cases a prerequisite to a trial by jury, yet it does not follow that by giving a summary remedy a party can be deprived of a constitutional right.
If the legislature can say in any given case, that a party may recover by motion to the court, without the privilege of an issue, they may, as to all matters of contract at least, say the same thing, and thus destroy the right of trial by jury.
The right of trial by jury, as it exists here, is derived from the common law, and it is so highly valuable to the citizen, so essential to liberty, that it is secured as a constitutional right, and must, in a government like ours, be understood to extend at least as far as it did at the common law, and if alterations are made, policy would dictate an extension rather than a restriction of a privilege invaluable in itself, and so highly prized by the citizen.
The judgment of the court below must be reversed, and the motion dismissed.
Note. — Smith, J., being interested, gave no opinion.