JOHN D. SCOTT, Administrator, *v.* COLEMAN NICHOLS.

A party has a right on the trial of all questions of fact to demand a trial by jury, and the court below will not be departing from the well established rules of practice in granting it.

The statute of limitations, as between the principal and surety, begins to run from the payment of the debt by the surety, and not from the maturity of the original contract which created the indebtedness.

In error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The facts of the case are contained in the opinion of the court.

*Samuel Scott,* for appellant,
Cited *Smith* v. *Smith,* 1 How. 102.

*Lawson,* for appellee,
In reply, cited *Woodward* v. *May,* 4 How. 389; *Peck* v. *Critchlew,* 7 How. 243; 5 Ib. 454.

The right of motion by a security against a principal has been given by the laws of other States, which have always been held constitutional. *Graves* v. *Webb,* 1 Call, 385; J. J. Marsh, 575;

Scott *v.* Nichols.

*Bank of Columbia* v. *Okey,* 4 Wheaton, 235; 2 Stew. and Port. 225; 2 Ala. (N. S.) 264; 3 Leigh, 609; 6 Dana, 141.

The statute only begins to run against the surety from the time he pays the debt. *Marshall* v. *Hudson,* 9 Yerg. 57; *Maxey* v. *Carter,* 10 Yerg. 521.

Mr. Justice FISHER delivered the opinion of the court.

The defendant in error made a motion in the circuit court of Madison county, for a judgment against the plaintiff in error, as administrator *de bonis non* of Johnson Silverberg, deceased, to recover the sum of $1,170, which the defendant in error had been compelled to pay as surety for the intestate, on a judgment recovered in favor of the Commercial Bank of Natchez.

It was contended on the part of the defendant in the court below, that the statute giving this summary remedy is unconstitutional, and the case of *Smith* v. *Smith,* 1 How. 102, was relied on as authority to support this position. That case was, in the case of *Woodward* v. *May and wife,* 4 How. 389, overruled by the majority of the court. The principles upon which it rested, have certainly failed in many subsequent cases to receive the sanction of this court, and the statute may now be regarded as free from all constitutional objection. In practice, the court should never refuse the party the privilege of a trial by jury, if desired. This is unquestionably the parties' right, and the court will not be departing from its well established rules of practice in granting it, though the statute may be silent on the subject. Issues of fact in this class of cases, must be tried, as all other issues of fact are tried in the circuit courts, by a jury, which may be impanelled under the authority of the court, for the purpose of ascertaining the truth of the facts, upon which the judgment is to be pronounced.

We will notice but another question, and it arises upon the sixth instruction asked by the defendant below, and refused by the court. The instruction is in these words, "that if the jury believe from the evidence, that the claim of the creditor, the Commercial Bank of Natchez, against the estate of Johnson Silverberg, deceased, was barred by the statute of limitations, at the time it was paid by the plaintiffs, then they ought to find

for the defendant," &c.   This point has been directly decided by the supreme court of Tennessee, in the cases of *Marshall* v. *Hudson, adm'x. &c.,* 9 Yerg. 57; *Maxey* v. *Carter,* 10 Ib. 521; and it is held that the statute as between the principal and surety, begins to run from the payment of the debt by the surety, and not from the maturity of the original contract. These authorities have both reason and justice to recommend them, and we accordingly follow them in the present case.

Judgment affirmed.