WILLIAM ATKINSON & BACOT CO. *v.* BOARD OF SUPERVISORS OF PIKE COUNTY.

1. REVENUE. *Assessment for taxes. Increase and reduction. Appeal to circuit court. Damages. Code of* 1892, § 80.

   Where the assessment of a taxpayer, as returned by the assessor, is largely increased by the board of supervisors, and, on his appeal to the circuit court, is considerably reduced, though still left considerably in excess of the sum returned by the assessor, the matter has been decided against him in said court, and he is liable on his appeal bond for the statutory damages of ten per centum on the amount in controversy and all costs.

2. APPEALS. *Part of judgment. Damages and costs. Code of* 1892, § 80.

   One who appeals to the circuit court, under § 80, code of 1892, from a decision of the board of supervisors raising his assessment, and is defeated, cannot appeal from that portion only of the judgment of the circuit court which adjudges against him the statutory damages and costs.

FROM the circuit court of Pike county.

HON. W. P. CASSEDY, Judge.

The opinion states the case.

*R. H. Thompson,* for the appellant.

By § 875, code of 1892, the general rule is that the successful litigant is entitled to recover costs, and, by § 80, the statutory damages can only be imposed upon a person who unsuccessfully appeals. It will not do to treat this litigation as a proceeding by the supervisors and claim, as a result, that the assessment has been raised from $11,500 to the amount fixed by the verdict, because that would be contrary to the facts. The board did not become litigants until after it was raised. The real litigation is that of appellant for a reduction, which it succeeded in getting. If the board had not exceeded the

amount of the verdict, appellant might not have appealed.     If this judgment for damages and costs be correct, one would also be correct in a case where the verdict only exceeded by one dollar the assessment of the assessor.

*S. E. Packwood*, for the appellees.

The statute directs that if the matter be decided against one who appeals to the circuit court from the action of the board of supervisors in raising his assessment, that " judgment shall be rendered on the appeal bond for damages at the rate of ten per centum on the amount in controversy, and all costs." Code of 1892, § 80.   The board had raised that of the appellant, and, on his appeal to the circuit court, while it was considerably reduced by the verdict from the amount to which it had been raised, it was left about $5,000 in excess of the amount returned by the assessor, and he did not succeed in showing that the board was wrong in raising it to the amount of the verdict. The verdict was certainly not in his favor, but against him.

WHITFIELD, J., delivered the opinion of the court.

Appellant's assessment, as assessed by the assessor as of February 1, 1893, was $11,500.   The board of supervisors raised it to $25,000.   Appellant appealed, under § 80 of the code of 1892, to the circuit court, where, by the verdict of the jury and the judgment of the court thereon, the assessable value of appellant's property was fixed at $16,448.06.   The appellant was adjudged to pay the costs of suit, and also the statutory penalty provided in § 80.   The judgment fixing the assessable value was duly certified to the board of supervisors, in accordance with § 80.   It thus appears that the assessable value, though put over $8,000 below the sum to which it had been raised by the board of supervisors, was fixed at a sum about $5,000 in excess of that at which it had been put by the assessor.   It is insisted by the appellant that it was, consequently, successful in the litigation in the circuit court, and the judg-

ment rendered there on the verdict was a judgment in its favor, and that, hence, no statutory penalty should have been imposed on it, and no costs taxed against it.   Relying on § 875 of code of 1892, and acting on this theory throughout, appellant does not appeal from the judgment fixing the assessable value at $16,448.06.   On the contrary, it expressly excepted to such parts only of the judgment as imposed the costs and the penalty.   In its petition for appeal, it expressly says it "obtained judgment against the said board of supervisors," but, by "an order of the court, was taxed with the costs of suit and statutory damages."   In its bond for appeal it again recites that the board only recovered judgment against it for costs and statutory penalty, and that it was "aggrieved at said judgment taxing it with costs and damages," and appealed from that judgment, and it brings up none of the testimony on the trial before the jury.   This view is not maintainable.   The result in the circuit court was in favor of the board, in every substantial aspect of the true inquiry under this proceeding.   The assessable value was there determined not to have been properly assessed by the assessor.   The appellant's property would have escaped, but for the judgment in the circuit court, its just legal burden, and the public revenue been defrauded by the amount of the taxes due on the difference between $11,500 and $16,448.06.

Counsel says that, "if the judgment in this case be correct, the board of supervisors, in every case where an assessment is even $1 too low, can raise the same to any sum, however unreasonable, without any sort of liability or responsibility or danger to the members of the board or to those whom they represent."   But, *per contra*, if the board raised an assessment $100,000—to answer an improbability with an improbability —and, on appeal, it should be reduced only $1,000, would counsel call that a winning of his case by the fraudulent appealing tax delinquent?   The statute must receive a reasonable construction, in view of its manifest purpose, and we think it

is clear that, in this case, the board is, to all practical intents, the successful litigant.   It follows that this appeal, having been taken from only specified parts of one entire, indivisible judgment at law, the appeal cannot be allowed.   We have been under the necessity of thus fully stating the case, and our view of the statute, in order to show that the appellant was not the successful litigant below, and, hence, that the appeal must be dismissed.   Having no jurisdiction, we decide nothing as to the correctness of the verdict and judgment as to the assessable value of the property.   We merely

*Dismiss the appeal.*