## BANK OF OXFORD *v.* LAFAYETTE COUNTY.

1. APPEAL. *Assessments. Bond. Code* 1892, § 80. *Practice.*

   Where a taxpayer appeals to the circuit court, under code 1892, § 80, authorizing such appeals, from the judgment of the board of supervisors approving an assessment, the remedy of the appellee for an insufficient appeal bond is an order requiring the bond to be made sufficient, rather than a peremptory dismissal.

2. BANKS. *Taxation. Surplus. Assessment for previous years. Code* 1892, §§ 3768, 3769.

   Where a bank has been assessed and paid taxes on a certain sum as its "surplus," it is not competent thereafter for the assessor or board of supervisors to assess it for back taxes on a surplus because the previous assessments thereon were too small. The statutes, code 1892, §§ 3768, 3769, authorizing the assessment of property which has escaped taxation, do not apply.

3. SAME. *Escape of capital stock from taxation.*

   Where a part of the capital stock of a bank has escaped taxation, it may afterwards be assessed for the taxes which should have been imposed upon it.

4. SAME. *How capital stock should be valued for taxation.*    ·

   Shares of the capital stock of a bank should be assessed, not at their face value, but at their real or market value.

FROM the circuit court of Lafayette county.

HON. Z. M. STEPHENS, Judge.

The Bank of Oxford, appellant, contested an assessment against it for back taxes before the board of supervisors of Lafayette county, appellee. The contest was decided against the bank by the supervisors, and it appealed to the circuit court, which also decided against the bank, and it appealed to the supreme court. The opinion fully states the facts.

*Mayes & Harris* and *J. P. Lane,* for appellant.

*Green & Green, Tim E. Cooper* and *T. Q. Eldredge,* for appellee.

[The reporter has been unable to find the briefs of counsel in this case.]

Argued orally by *James Stone,* for appellant, and *J. W. T. Falkner,* for appellee.

TERRAL, J., delivered the opinion of the court.

The Bank of Oxford, in 1900, was assessed for a larger sum than it thought right, and was also assessed for the preceding six years for back taxes in large sums, aggregating in the amount of taxes the sum of $2,339.16, whereupon it appealed to the circuit court, and gave bond in the sum of $5,000. In the circuit court the board moved to dismiss the appeal for the want of a sufficient bond. We think the bond sufficient, but, if it had not been sufficient, the remedy was not to dismiss the appeal, but to require the bond to be made sufficient by amendment.

The bank was assessed under two heads—on its capital stock and on its surplus. Its capital stock had been all the time of the par value of $60,000, but during the years for which back taxes were assessed $21,000 of its shares had escaped assessment and taxation. It was all along, however, assessed for some surplus. There was evidence tending to show that the shares of the bank were at a small premium, not exceeding ten or fifteen cents on the dollar. We think the extent of the right of the board in this case would have been to assess the bank for the $21,000 of its shares which had during those years escaped taxation, and that these $21,000 of shares should have been assessed, not at their face value, but at their real, true, or market value—that is, the value at which the owner would have been willing and would have expected to accept for them if he had been disposed to sell them. It was not

competent, in our view of the case, for the board to have added any amount to the bank's assessment previously made, under the head of "surplus," because it had been assessed on its surplus for those several years; and it was no more competent to increase the amount of surplus than it would have been to raise the previous assessment of a horse which had been assessed at less than its true value.    The shares of the bank, representing a face value of $21,000, had escaped taxation; but its surplus was taxed, though probably at a less sum than its true amount. And inasmuch as the surplus of the bank was assessed, but for less than its true amount, I think the statute was not intended to authorize an increase of it.    But $21,000 of the par value of its shares wholly escaped taxation, and for that omission the statute does provide.    *Allwood* v. *Cowen*, 11 Ill., 481. As the verdict of the jury is in excess of what it should have been, a new trial should have been granted.

*Reversed and Remanded.*