GLOSTER COMPRESS & TRADING CO. *v.* MAYOR AND ALDER-MEN OF TOWN OF GLOSTER.

[76 South. 550, Division B.]

1. MUNICIPAL CORPORATIONS. *Taxation. Review of assessments. Time for appeal.*
    A motion to dismiss an appeal from a municipal assessment be-cause not filed within five days after the assessment, was prop-erly overruled, where the appeal was filed within five days after

the assessment roll was approved, since there could be no ap-
peal until the roll was approved.

2. EVIDENCE. *Value. Price at which property is offered for sale.*
On an appeal from a municipal assessment for taxes on a cotton com-
press and warehouse, it was competent for the owners to introduce
evidence that they were willing to sell and had offered to sell it
for a less price than the amount of the assessment,where there
was evidence that such offer was not in the nature of a forced
sale; but was a *bona-fide* offer by the owners and in their opin-
ion was a just valuation of the property in view of prevailing
conditions.

APPEAL from the circuit court of Amite county.
HON. R. E. JACKSON, Judge.

Proceeding by the Gloster Compress & Trading Com-
pany against the Mayor & Aldermen of the Town of
Gloster on an appeal for municipal assessment for taxes.
From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. G. McLain,* for appellant.

In the case at bar, plaintiff desired to do more than
merely present the owners ideas of value and offers of
sale, and made an attempt to offer evidence to show that
the owners had same listed with real estate people and
were making every effort to dispose of this property at
certain figures, and that notwithstanding the efforts of
the real estate people to sell, no sale could be effected
due to the fact that the property was practically worth-
less. In other words this was not a mere offer to sell or
an expression of what the owners would accept, but was
an actual listing with real estate people, a *bona-fida* of-
fer. Attempt after attempt along this line could have
been shown both by real estate men and by the owners
but the court excluded. We believe this was error.

If any value is true it is market value, and there is no
way of demonstrating such value except by repeated ef-
forts to sell, and by the evidence of responsible real es-
tate people tending to show the true market value. It

is utterly beyond us to understand upon what theory such evidence is excluded especially where it is manifest that same is more than the mere opinion and offer of the owner given possible for purposes of litigation. It seems to us that the nature and character of the evidence itself should have weight in determining the question of admission or exclusion.

Even if the owner's evidence were excluded, there exists no reason for the exclusion of the evidence of the third party, for such evidence is the practical guide for the determination of the question of market value, and market value is the opinion of the world as to the real value of any given commodity or piece of property. Plaintiff was clearly entitled to introduce proof along this line, and of the nature and character as set out in the preceding pages of this brief and verified by the record.

If the court should deem the foregoing errors insufficient cause for reversal, we wish to present the following error which we assign as positive cause for reversal and upon which we rely absolutely. The error of the court in excluding all evidence offered by the plaintiff and instructing for the defendant. In the court below we were confined to opinion evidence and at the end of plaintiff's proof the court sustained a motion to exclude on the theory that plaintiff had failed to make out a *prima-facie* case. The record fails to sustain this view.

We respectfully insist that it is not necessary in order to entitle plaintiff to go to the jury that we be forced to drag into court all the land people, carpenters, architects, and other so-called experts, to render evidence, but that it is sufficient to present one witness and by that witness offer competent evidence and it must be met and the issue refuted.

Excluding evidence before any is offered in behalf of a defendant in a cause is a very particular and strict proceedings and is not countenanced by any court unless there is no testimony whatsoever offered that will sup-

port the issue. It is of no import as to the strength or weakness of the evidence; that is for the jury to determine; the sole question is, can the issue be supported? Is there sufficient evidence offered that will require the defense to overcome same by offering proof? One shred of competent proof requires this burden to be met and it must be overcome. In the case at bar the plaintiff had ample evidence to sustain the issue in the absence of proof to the.contrary, and whatever might have been the outcome after the evidence of the defendant was in, the plaintiff was entitled to have such evidence met by the defendant.

In support of these contentions and in full explanation of same we cite the following authorities: *Richter* v. *Beaumont,* 67 Miss. 285; *Alexander* v. *Zeigler,* 84 Miss. 560; *Anderson* v. *Telephone Co.,* 86 Miss. 341.

To sum up the whole proposition: A motion to exclude coming immediately after plaintiff rests and before offering of testimony by the defense should only be sustained in those exceedingly rare cases where the evidence is absolutely frivilous and incompetent. In all other cases the plaintiff should be allowed, to proceed.

We urge upon the court that the case at bar, under the facts and the law, should be reversed and remanded for a new trial in accordance with these views.

*J. T. Lowrey,* for appellee.

The learned counsel for the appellant urges two arguments in his brief, for the reversal of this cause, to wit: (1) The improper exclusion as he thinks, of evidence offered by him, and (2) the error, as he thinks, of the trial court in excluding all the evidence of appellant and instructing the jury to find for the defendants.

I will answer these arguments in the order named. As heretofore stated, the only two matters which the counsel for appellant endeavored to make proof of which were excluded were (1) that the property had been of-

fered for sale by the appellants for ten thousand dollars, and (2) the comparative values of other property in the town of Gloster owned by people other than the appellants.

Was it error for the trial court to exclude evidence of the appellant's offer to sell this property for ten thousand dollars? Suppose that we analyze for a moment. A man might be perfectly willing to sell his property for a given sum, and still the sum he was offering it for might be far below its actual true value. I might have a piece of land situated far away from my home, as in the case at bar, where my personal supervision could not be given to the management of it, and would in all probability be willing to sell it at a sum far below its actual value. A man might be a bad trader; for instance one might buy an automobile, for one thousand dollars and try to operate it, and fail, or might break some part of it that it would cost him considerable to replace, and offer it for sale far below its true value. Would it be just, fair, or equitable for these considerations to control in the assessment of the property for taxes? I submit not.

I might own a plantation in the Delta that is worth twenty thousand dollars and being unaccustomed to conditions there, and being far away from it, and not able to give it my personal supervision, loose one or two crops on it, and become indebted for its operations, and offer it for sale for two thousand dollars. Now the question; would it be fair, just, or equitable for this twenty thousand dollar plantation to be assessed for two thousand dollars and the state and county, and if in a town, the municipality be deprived of the taxes on eighteen thousand dollars just because I wanted to sell it for the sum of two thousand dollars? Manifestly not.

Is it right, fair, just or equitable, for the Gloster Compress & Trading Company, a corporation, which is owned and dominated by New Orleans capitalists, to own a Compress property in the town of Gloster, Mississippi, which is worth four hundred thousand dollars and which Mr.

Hiller, the vice-president testifies on oath cost forty thousand dollars to construct, and just because these people have taken a notion, being traders, to sell this property for ten thousand dollars to deprive the municipality. of its just *pro rata* of taxes on the difference, just because the Compress people have decided to sell it? Certainly not.

Section 4268 of the Code of 1906, provides: "It shall be the duty of each person fixing the value of his property to estimate the same at its cash value at the time of valuation, and not what it might sell for at a forced sale, but what he would be willing, and would expect to get for it if he were disposed to sell it," etc.

We see from this statement of the law that it is the duty of a man to give in his property to the assessor at its cash value, at the time of the valuation. What the person might be willing to take for it under given conditions, is no criterion, but it must be what he would reasonably expect to get for it were he disposed to sell it, he to be the guide in giving it in to the assessor.

We will now notice the contention of the appellant that the trial court erred in excluding all the evidence of the appellant, and instructing the jury to find for the defendant. The rule in Mississippi, cannot be better stated than was stated in the case of *Flora* v. *American Express Company,* 92 Miss. 66 : "A defendant is entitled to a peremptory instruction where the court, on the testimony, would have been compelled to set aside a verdict returned for the plaintiff."

Taking as true every statement proved by the appellant, is it entitled to the relief which it is seeking?

Now, I submit further, as complete and conclusive argument for the affirmance of this cause: 1. I maintain this position I took in the court below, that the finding of the board of aldermen should be allowed to stand, because there was no jurisdiction acquired by this appeal.

The facts are that on the 5th day of October this property was equalized, and the value fixed by the board of

aldermen, and no objection was had until the sixth, I am not unmindful that counsel could have appealed from an order adopting the assessment, but no such order is shown by this record. And having not appealed from the order of the fifth, until the twenty-first day of October, his time had expired, for the language of the statute cuts him out, for it provides that the appeal shall be taken "within five days from the date that the meeting is held," and no appeal having been taken until the 21st, he was cut out and barred by lapse of time. There being no order adopting the assessment roll as a whole, shown, he could not appeal from such. I submit that the circuit court had no jurisdiction to try the cause, and for this reason the appeal should have been dismissed and the town and tax collector permitted to proceed to collect the taxes.

2. I maintain that no value of the property having been proved, that the value as placed by the board of aldermen must stand, as the true value of the property for this assessment.

3. This cause should be affirmed because the testimony of the witnesses for the plaintiff all show the property to be worth the sum of fifteen thousand dollars and more, and this court will not reverse a case where appellants own witnesses show the converse of their contention.

4. The evidence shows conclusively that appellants believe the property worth more that fifteen thousand dollars for they wanted to charge five hundred dollars for a four months' rental of it. Actions speak louder than words, and they were talking when they offered it for sale, and acting when they wanted to rent it for five hundred dollars for the four months.

5. The value as fixed by the board of aldermen, must stand as being correct, and a true value of the property, and is presumed in law to be the proper value for it to be assessed for the year 1915, especially in the absence of proof in the record to show that the actual, or intrinsic value was less than the sum of fifteen thousand dol-

lars and no such proof has been made to the court, as shown by the record.

6. Giving the appellant the benefit of a liberal construction, with all inferences growing therefrom, after a careful, full, and impartial reading of the record, we are driven to the conclusion that the trial court reached the only proper conclusion for the disposal of this cause.

I submit that a careful reading and consideration of this record will result, unquestionably, in the affirmance of this cause, and that to that end the municipal officers be permitted to proceed with the collection of the taxes which the appellant has for so long kept in his pocket, and which should have been paid into the town treasury long ago.

I respectfully, and confidently ask for the affirmance of this judgment.

ETHRIDGE, J., delivered the opinion of the court.

The Gloster Compress & Trading Company is a corporation owning a compress and warehouse in the town of Gloster. This is an appeal from an assessment by the town of Gloster upon said property. The property had formerly been assessed at five thousand dollars but was assessed in the present instance by the municipal authorities at fifteen thousand dollars, the assessment having been made on the 5th day of October, as to this particular property, and said assessment entered on the roll on said 5th day of October. On the following day the agent of the appellant appeared before the board and protested against said assessment and asked that it be reduced to ten thousand dollars, which the board declined to do. The roll as an entirety was approved on the 18th day of October at an adjourned meeting, and on the 21st of October petition for appeal to the circuit court was filed. When the case reached the circuit court on appeal a motion to dismiss because the appeal was not filed within five days after the assessment was made. The court

overruled this motion to dismiss, and we think correctly so, as there could be no appeal until the roll had been approved.

On the trial of the case in the circuit court the plaintiff. or appellant, introduced testimony showing that after the compress was erected that the cotton industry in and around Gloster was practically destroyed by the boll weevil, and that the business of compressing had been abandoned, and that the building and warehouse was much reduced in value by reason of the destruction of the cotton industry and the financial conditions in and around Gloster following the advent of the boll weevil. The plaintiff also introduced testimony of some of the officers and stockholders of the corporation showing that the property had been offered for sale for ten thousand dollars, and that in their judgment that would be a fair price for the compress and property of the company, and that they would be glad to sell for that amount. One of the witnesses was asked to state whether or not the compress was for sale, and, if it is for sale, at what figure, and the answer was that it "is for sale, and we would entertain a reasonable bid for the same, having offered it at ten thousand dollars, and willing to accept seven thousand five hundred." This question and answer was objected to and objection sustained. Witness was then asked to "please state whether or not you have ever in the past three years offered said compress for sale, and, if so, state the names of the parties and the price at which you offered same," and answered, "Upon an inquiry from Mr. G. H. Barney, we, in our letter of January 23, 1915, offered the property at ten thousand dollars, and in our letter of February 6, 1915, to Mr. C. A. Gordon, Port Gibson Miss. we again offered the compress property including everthing for ten thousand dollars." This question and answer was objected to, objection sustained by the court, and the testimony excluded. Witness was then asked "whether or not such offer was in the

nature of a forced sale or whether you really believed such offer to be a just valuation at the prevailing conditions in the adjacent cotton belt," and answered, "Our offer was by no means in the nature of a forced sale, and we believe the price at which we offered it a fair valuation under the prevailing conditions." Witness was then asked, "Please state whether or not you are willing to take ten thousand dollars for this property," and answered, "We are willing to sell the property for ten thousand dollars." Each of these questions and answers were objected to, and objection sustained by the court. There was other testimony of similar import, but the trial judge seems to have based his rulings upon the idea that the witnesses would have to qualify with knowledge of value and testify directly to the actual value of the property. We think the evidence was competent on the question of value. Considerable latitude is allowed in questions of value, and taking the testimony in this case from the witnesses with their knowledge of the conditions and surroundings, we think the testimony should have gone to the jury. The court gave a peremptory instruction at the conclusion of the testimony for appellees after sustaining these objections and ruling out this evidence. We think the case should have gone to the jury under proper instructions, and that the testimony should have been admitted and gone to the jury on the question of value with the other evidence in the case.

Judgment is reversed, and the cause remanded.

*Reversed and remanded.*