CITY OF CLARKSDALE v. FITZHUGH.

(Division B. Jan. 16, 1939.)

[185 So. 587. No. 33501.]

W. W. Venable, of Clarksdale, for appellant.

**J. M. Talbot,** of Clarksdale, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The City of Clarksdale appeals from a verdict and judgment of the circuit court of Coahoma County fixing the value of real estate owned by appellant in the city as the basis for municipal taxes.

She returned the value at $36,800. The municipal authorities raised it to $51,000. She protested against the raise and on the hearing thereof it was reduced to $48,000. From that judgment she appealed to the circuit court, where there was a trial resulting in a verdict and judgment reducing the amount to $42,000. From that judgment, the city prosecutes this appeal.

There was sufficient evidence, if competent, to sustain the verdict and judgment. The city assigns and argues as errors the admission of certain evidence given by Mrs. Fitzhugh as to value, and an instruction given her by the court. The evidence in question follows:

"Please state the amount of money or securities of the value thereof which you would be willing to accept and would expect to receive from any person able and willing to buy and if you are disposed to sell the said property.

"A. 3. $36,800.00."

The instruction complained of is in this language: "The Court instructs the jury that in finding the true

value of property you may consider in arriving at the true value of the property a price not at what it might bring at a forced sale but a price that the owner would be willing to accept and would expect to receive for it if she were disposed to sell it to another able and willing to buy.''

It will be seen that both objections raise the same question.

Section 3145, Code of 1930, provides, among other things, as follows: "Lands shall be assessed according to its true value, . . . not at what it might bring at a forced sale, but what the owner would be willing to accept and would expect to receive for it if he were disposed to sell it to another able and willing to buy.''

It will be observed that the evidence in question was in substance authorized by the statute. In Board of Levee Commissioner, etc., v. Dillard, 76 Miss. 641, 25 So. 292, the court held that land has no market value in the sense that stocks, bonds, and other public securities have a market value, or even as the common and ordinary articles of commerce have such value, and because thereof the rules of evidence as to the value of land are modified to meet such circumstances. In Gloster Compress, etc., Co. v. Town of Gloster, 115 Miss. 578, 76 So. 550, the court held that on appeal from a municipal assessment for taxes on a cotton compress warehouse, it was competent for the owners to introduce evidence that they were willing to sell and had offered to sell the property for a less price than the amount of the assessment, where there was evidence that such offer was not in the nature of a forced sale, but was a bona fide offer by the owners, and in their opinion was a just valuation of the property in view of prevailing conditions.

We are of the opinion that the evidence was competent and there was no error in the giving of the instruction.

Affirmed.