RAND.OLPH, Presiding Justice,
for the Court:
¶ 1. Today, we are asked to abandon the common law of this state, pronouncements of this Court, and customs and practices of trial courts aeross this state, all dating back to the nineteenth century, under the guise that today’s issue has not yet been squarely before this Court. . We are asked to overrule a learned trial judge who, for some of the reasons just mentioned, determined a jury trial should be had in an appeal of a county’s ad valorem tax assessment. We reject the appellant’s invitation, finding no error, and affirm.

FACTS AND PROCEDURAL HISTORY

¶ 2. The property of Riverboat Corporation,, an. ad valorem taxpayer, was subject to assessment by the Harrison County Board of Supervisors (“the Board”) because Riverboat owned certain personal and real property in Harrison County. In 2010, the county’s tax assessor determined that the .true value of the property was $145,041,552, and placed the property on the tax roll of the county at an assessed value of $21,756,233 (fifteen percent of the true value).[1] Riverboat objected to the assessment, arguing that the proper true value of the property was $33,166,433, which would result in an assessed value of $4,974,965. The Board denied Riverboat’s *290 objection. Aggrieved, Riverboat filed a timely notice of appeal in the Circuit Court of Harrison County, Second Judicial District. Subsequently, the county, filed a bill of exceptions embodying.the relevant facts, judgment, and decision of the Board.
¶ 3. The county filed a request for a jury trial. Riverboat later appealed the county’s tax assessments for 2011 and 2012.[2] The City of Biloxi subsequently moved the court to allow it to participate as an additional party defendant-appellee and to allow amendment of the county’s bill of exceptions to add the city as a defendant-appellee.[3] The trial court granted the city’s motion and allowed the city to intervene in the case. The city then joined in the county’s request for trial by jury.
¶ 4. Riverboat filed a motion to consolidate all three appeals, Riverboat then moved for a bench trial instead of a jury trial. Riverboat averred that there is no right to a jury trial in tax appeals, arguing that under Mississippi Constitution Article 3, Section 31, a right to a jury trial applies only to cases in which a jury trial was required by common law. According to Riverboat, tax appeals did not exist at common law at the time the 1817 Mississippi Constitution was adopted. Therefore, no right to a jury trial exists in a tax appeal. Riverboat additionally argued that a jury trial would prejudice Riverboat because it would put the issue of taxes to other taxpayers in the county. The city and county argued that this Court previously has acknowledged that jury trials are available under Sections 11-51-77 and 27-35-119, citing numerous tax-appeal cases and arguing that jury trials consistently have been held in tax appeals.
¶ 5. The trial court found (1) that the case should be tried by a jury and denied Riverboat’s motion for a bench trial, (2) that the phrase “shall be tried anew” in Section 11-51-77 was indicative of the Legislature’s intent to guarantee a jury trial, and (3) that tax appeals were tried by jury at common law. We granted Riverboat’s petition for interlocutory review.

ANALYSIS

¶ 6. Article 3, Section 31 of Mississippi’s 1890 Constitution provides that “[t]he right of trial by jury shall remain inviolate.... ” Miss. Const, art. 3, § 31.[4] “The standard of review this Court employs for constitutional issues is de novo.” Deeds v. State, 27 So.3d 1135, 1141 (Miss.2009).
*291 ¶ 7. The narrow question as advanced by Riverboat — whether there is a right to a jury trial in an appeal of a county’s ad valorem tax assessment — has not been presented precisely to this Court. However, the custom, practice, and usage of jury trials in tax-dispute cases has been recognized and reported by this Court for parts of three centuries. Our inquiry is not limited by Riverboat’s . artful drafting. The essential element of proof in dispute in this case is the value of property. Before us is a civil cause of action, the resolution of which requires the determination of a disputed fact. There can be no judgment in the absence of that factual, determination. The statute authorizing this suit to be tried anew in circuit court is silent regarding the right to a jury trial. It is important to note that this case is not similar to an appeal from a decision by an administrative agency for which the Legislature has provided no more than the right of an, appeal rather than, as under the statute before us today, a trial anew. Compare Miss.Code Ann. § 11-51-77 (Rev.2012) (“The controversy shall be tried anew in the circuit court —”) wife Miss. Code Ann. § 77-3-67 (Rev.2009) (specifically providing for an appeal from the Public Service Commission to the chancery court). It also is interesting to note that most statutes providing for appeals from administrative agencies direct.litigants to the chancery court — which ordinarily hears cases without a jury — rather than, as here, directing that the case be tried anew in the circuit court — -where trials without juries are the exception. See Miss.Code Ann. § 77-3-67(1) (“[A]ny party aggrieved by any final finding, order or judgment of the commission, except those final findings, orders or judgments specified in Section 77-3-72, shall have the right, regardless of the amount involved, of appeal to the chancery court of the judicial district in which the principal place of business of the utility in the state of Mississippi is located.”),
¶8. This Court, on prior occasion and well before the adoption of our 1890 Constitution, addressed the right to trial by jury when statutes giving rise to actions were- silent as to that right. In a case involving one such silent statute, concerning recovery by sureties, our predecessors prophetically pronounced that
[ijssues of fact in this class of cases, must be-tried, as all other issues of fact are tried in the circuit courts, by a jury, which may be impanelled under the-authority of the court, for the purpose of ascertaining the truth of the facts,[5] upon which the judgment is to be pronounced.
Scott v. Nichols, 27 Miss. 94, 5 Cushm. 94, 95 (1854). In Scott, the plaintiff in the trial court sought to recover money paid as surety against the administrator of an estate. This Court emphatically declared the right to a jury trial “is unquestionably the parties’ right, and the court will not be departing from its well established rules of practice in granting it, though the statute may be silent on the subject.” Id. (emphasis added); accord Woodward v. May, 5 Miss. 389, 4 Howard 389, 394-95 (1840); Smith’s Adm’r v. Smith, 2 Miss. 102, 1 Howard 102 (1834).
¶ 9, Our predecessors sagely and emphatically held that “[i]n practice, the court should never refuse [a] party the privilege of a trial by jury, if desired.” Scott, 5 Cushm. at 95 (emphasis added). Almost a hundred years after the adoption of - the 1890 Constitution, the Rebelwood Court described jury trials as a “right.” Rebelwood, Ltd. v. Hinds Cty., 544 So.2d 1356, 1368 (Miss.1989), superceded on oth *292 er grounds by statute as stated in Willow Bend Estates, LLC v. Humphreys Cty. Bd. of Supervisors, 166 So.3d 494 (Miss.2013). This Court customarily has ruled in appeals involving disputes related to taxes involving jury verdicts for more than a hundred and fifty years. See id. (finding the taxpayer’s right to trial by jury must “be respected the same as in any other civil case” and applying this view to “property tax appeals heard de novo in the circuit court the same as in any other civil case tried before a jury”); Lavecchia v. Vicksburg, 197 Miss. 860, 20 So.2d 831, 832-33 (1945) (reversing a trial-court judgment for giving a peremptory jury instruction, for the jury’s “province was to determine the taxable value of the property”); accord Knox v. L.N. Dantzler Lumber Co., 148 Miss. 834, 114 So. 873, 879 (1927); Robertson v. U.S. Nursery Co., 121 Miss. 14, 83 So. 307, 311 (1919); Gloster Compress & Trading Co. v. Town of Gloster, 115 Miss. 578, 76 So. 550, 551 (1917); City of Clarksdale v. Stuart, 184 Miss. 179, 185 So. 588, 588-89 (1939) (“The property owner had a right to have the court instruct the jury on [the statute].”); accord City of Clarksdale v. Fitzhugh, 184 Miss. 174, 185 So. 587, 587-88 (1939); Redmond v. City of Jackson, 143 Miss. 114, 108 So. 444, 446 (1926) (affirming a trial court’s refusal to . give a peremptory jury instruction); Bank of Oxford v. Bd. of Supervisors, 79 Miss. 152, 29 So. 825, 825 (1901) (remanding for new trial because jury verdict was in excess); Wm. Atkinson & Bacot Co. v. Pike Cty., 73 Miss. 348, 18 So. 924 (1895) (refusing to overturn a jury verdict).
¶ 10. The dissent relies upon dicta which cites a Kentucky case for the proposition that tax-related appeals were not tried before juries at common law. See Dis. Op. ¶ 23 (quoting Griffin v. Mixon, 38 Miss. 424, 437-38 (Miss.Err. & App.1860) (citing Harris v. Wood, 22 Ky. 641 (1828))). The Griffin opinion included that citation in a series of citations covering twelve pages of works attributable to Lord Coke, Chancellor Kent, Chief Justice Marshall, Thomas Hobbes, and Daniel Webster, among many others. Following this discourses Justice Harris, writing for the Court, stated, “with all becoming deference to the great minds, ... my reason will not allow me to give my-sanction, as a publie officer, to doctrines so subversive, in my humble judgment, of the principles and theory of our republican, constitutional governments.” Griffin, 38 Miss. at 449-50. Justice Harris described the issue before the court as “whether the legislature had power ... to vest the title to lands, delinquent for nonpayment of taxes, in the State of Mississippi” (the plaintiff claimed title under a deed from the state). Id. at 424, 434. Jury trial -was not at issue, for Griffin was tried before a jury. Id. at 425. At the conclusion of trial, there was a jury verdict and a judgment based on that verdict for the defendant landowner. Id. at 427. That judgment, resulting from a jury verdict, was affirmed by the Mississippi Supreme Court in 1860. Id. at 452.
¶ 11. The foundation of the right to a jury trial is that the common law to which Section 31 of the 1890 Constitution applies is the common law of this state as it existed when that Constitution was adopted, as opposed to Riverbóat’s reliance on the common law as it existed when Mississippi’s first Constitution was created in 1817. The courts of this state have rejected such a static view of the common law, as such a dogmatic approach ignores its evolving nature. See Mitchell v. State, 179 Miss. 814, 176 So. 743, 747 (1947) (“The common law, however, both in its substantive and in its adjective features, is not now, never has been, and never will be, static or stagnant.”).
¶ 12. Section 31 of our Constitution “must be considered in connection with *293 other sections of the Constitution, and in connection with the known practice at the time of the adoption of the Constitution.” Knox, 114 So. at 877 (emphasis added). In 1854, prior to the adoption of the 1890 Constitution, Scott pronounced that “[i]n practice, the court should never refuse [a] party the privilege of a trial by jury, if desired.” Scott, 5 Cushm. at 95. Similarly, in 1860, a jury trial was held in a tax-forfeiture dispute, and this Court affirmed the jury verdict. Griffin, 38 Miss. at 452. Eleven years- after adoption of the 1890 Constitution, in a case almost identical to the one sub judice, this Court ruled on a tax-assessment appeal founded upon a jury verdict. In Bank of Oxford, the bank appealed its tax assessments for the previous six years. Bank of Oxford, 29 So. at 825. This Court found the jury verdict was in excess and remanded for a new trial. Id. Similarly, this Court later affirmed a jury verdict when a hotel appealed its tax assessments. See Leaf Hotel Corp. v. City of Hattiesburg, 168 Miss. 304, 150 So. 779, 779-80 (1933).
¶ 13. While the preceding line of cases enlightens us to the custom, common practice, and law of our state circa the adoption of the 1890 Constitution, equally instructive is a line of tax-appeal cases held without a jury, which were appealed to this Court. In those cases, a jury was expressly waived, either because the case relied upon stipulated and agreed-upon facts, or because the trial court was confronted with only a pure legal issue.[6] When there exist no issues of fact, there is no need for a jury. That was true in 1854, 'and it is true today. See Scott, 5 Cushm. at 95; M.R.C.P. 56. Also telling is the. use of legal terms like “waiver,” “consent,” and “agreement.” ‘Waiver” means “the voluntary relinquishment or abandonment of a legal right or advantage.” Waiver, Bryan A. Garner, Garner’s Dictionary of Modern Legal Usage 923 (2d ed.1995). “In general usage today, waive means ‘to relinquish something that one has the right to expect.’ ” Id. at 922. Were there no right to a jury trial, there would have been no need to waive or relinquish that right.
¶ 14. Riverboat argues these cases are of little or no import because the precise question regarding the right to a jury trial in cases such as the one before us today was not squarely before this Court. But it defies credulity that for a period of time spanning parts of three centuries, not a single litigant hás ever claimed the grant of a jury trial as an error in cases such as the one before the Court today, nor has any justice who ever served on this Court suggested that it should ignore a jury verdict or that it would be plain error for a jury to be empaneled in a tax-assessment case — especially in the cases in which this Court was constrained to interfere with a judgment because it was brought about by a jury verdict. See, e.g., Rebelwood, 544 So.2d at 1368. Until now, no one has even hinted that such a right does not exist in a *294 tax-assessment ease. By the time our Constitution of 1890 was adopted, the right to a jury, trial was so ingrained in our consuetudinary law[7] that it was understood that the right existed.[8] The longstanding use of jury trials in this state’s tax-assessment cases renders Riverboat’s argument that .jury trials should be disallowed for public-policy reasons meritless.
¶ 15. The jury represents the community’s conscience and common sense — qualities not always exhibited by the government. Nothing gives our citizenry more direct participation in the running of their own government than voting and jury service. Jury trials were so important to our founders that they are guaranteed in the Sixth and Seventh Amendments. With both reason and justice to recommend applying these principles to today’s case, the words of our predecessors in Smith are apropos:
The right of trial by jury, as it exists here, is derived from the common law, and.it is so highly valuable to the citizen, so essential to liberty, that it is secured as a constitutional right, and must, in a government like ours, be understood to extend at least as far as it did at the common law, and if alterations are made, policy would dictate an extension rather than a restriction of a privilege invaluable in itself, and so highly prized by the citizen.
Smith, 1 Howard at 105.

CONCLUSION

¶ 16. Cases in which the statute creating the cause of action was silent regarding jury trial have been tried before juries for parts of three centuries. That continued custom and practice is our common law, and it was an inviolate right prior to the adoption of our 1890 Constitution. We therefore find that the right to a jury trial exists in tax-assessment appeals to circuit court. The judgment of the Circuit Court for the Second Judicial District of Harrison County is affirmed, and the case is remanded for further proceedings consistent with this opinion.
¶ 17. AFFIRMED AND REMANDED.
WALLER, C.J., DICKINSON, P.J., LAMAR, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.

, In 2011, the. county assessed the property at a true value of $141,046,602, and an assessed value of $21,156,990. Riverboat alleged that the true value was actually $52,491,460, which resulted in an assessed value of $7,873,719, In 2012, the county assessed the properly at a true value of $137,491,409, with an assessed value at $20,623,711. Riverboat alleged the true value for 2012 was actually $61,341,332, which would result in an assessed value of $9,201,200,

. Previously, the city entered into an agreement with the county to allow the county to assess and collect taxes for the city, The city -argued that it had a vested interest in the outcome of the appeal because, if a refund was granted, the city would have to issue the refund,

.The phrase "remain inviolate” "implies, that under some system, previously in force, this right, of trial by jury, was ‘inviolate;’ and to this system we must have reference, to ascertain the.extent and meaning of this prohibition against encroachment on 'the principles of liberty and free government.’ ” Isom v. Miss. Cent. R. Co., 36 Miss. 300, 7 George 300, 308 (Miss. Err. & Apps. 1858), In fact, all four of Mississippi’s constitutions have provided that "[t]he right of trial by jury shall remain inviolate.” See Miss. Const, art 1., § 31. (1890); Miss. Const, art. 1, §, 12 (1868); Miss. Const, art. 1, § 28 (1832); Miss. Const, art, 1, § 28 (1817).

. This pronouncement is consistent with the purpose and construction of our present rules of evidence "that the truth may be ascertained.” M.R.E. 102.

. See Adams v. People’s Bank of Biloxi, 108 Miss. 346, 66 So. 407, 407 (1914) (jury waived because the court was asked to determine whether assessments comported with the statute and whether res judicata applied); People's Warehouse Co. v. Yazoo City, 97 Miss. 500, 52 So. 481, 482 (1910) ("[A] jury being waived, ... [t]he trial was had on agreed facts_"); State v. Smith, 68 Miss. 79, 8 So. 294, 295 (1890) (The case was tried without a jury because the court was asked to determine whether nonresident lender was subject to taxation.); Dodds v. Marx, 63 Miss. 443, 444-46 (1886) ("The cause was submitted to the court without a jury by consent,” as the court was asked to determine the validity and application of multiple assessments on a single parcel.). Evidence of this practice continues to exist as recently as 2011. See 3545 Mitchell Rd., LLC v. Bd. of Supervisors, 62 So.3d 379, 382 (Miss.2011) ("By agreement of the parties, the case was tried based on a written stipulation of facts[.]”).

. See Customary Law, Black's Law Dictionary (10th ed. 2014) ("Law consisting of customs that are accepted as legal requirements or obligatory rules of conduct.... Also termed consuetudinary law.”).

. See Scott, 5 Cushm. at 95 (Trial by jury "is unquestionably the parties’ right, and the court will not be departing from its well established rules of practice in granting it, though the statute may he silent on the subject.”) (emphasis added). See also Duckworth v. Allis-Chalmers Mfg. Co., 247 Miss. 198, 150 So.2d 163, 166 (1963) ("There are no statutes or rules of this Court providing for cross-appeals. However, by long continued custom and practice, an appellee may take a cross-appeal ....”) (emphasis added); State Game & Fish Comm’n v. Louis Fritz Co., 187 Miss. 539, 193 So. 9, 12 (1940) (allowing owners of land abutting a lake access to the entire lake comports with "the immemorial usages, customs, and practices of our people”); Shenehon v. Ill. Life Ins. Co., 100 Ill.App. 281, 287 (1902) ("In England ... the jurisdiction of courts was principally consuetudinary ... established by custom and time[.]”); Orr v. Quimby, 54 N.H. 590, 638 (1874) ("Custom is a great source of the common law. Indeed, the common law, properly so called, has been understood to be a mere mass of customs.”).