KING, Justice,
dissenting:
¶ 18. Because I believe no statutory or constitutional right to a jury trial exists in ad valorem tax assessment appeals, I re *295 spectfully dissent and would reverse, the trial court’s denial of Isle of Capri’s motion for a bench trial.
¶ 19. In Mississippi, the right to a jury-trial exists solely through our Constitution or through legislative enactment.[9] Mississippi Constitution Article 3, Section 31 provides that the “right of trial by jury shall remain inviolate — ” Miss. Const, art. 3, § 31 (emphasis added). It is well settled law that the constitutional right to a jury trial applies exclusively to those cases “in which a jury trial was. necessary at common law, ” Wells by Wells v. Panola Cty. Bd. of Educ., 645 So.2d 883, 898 (Miss.1994) (emphasis in original); see also Isom v. Mississippi Cent. R. Co., 36 Miss. 300, 7 George 300, 309 (1858) (quoting Smith v. Smith, 2 Miss. 102, 1 How. 102, 105 (1834)) (“the right of trial by jury ... is derived from the common law .... and must extend as far as it did in common law”). Thus, in order for a constitutional right to a jury trial to exist in tax assessment appeals, the right must have existed at common law, before our Constitution was enacted. Put differently, if there was no action at common law to appeal a tax assessment, and the action instead was created by statute, our state Constitution could not have preserved the right to a jury trial in these cases and the right under our Constitution does not now exist.
¶ 20. The question of whether a right to a jury trial exists in ad valorem tax assessment appeals previously has not been presented to this Court. Although the majority states that the custom, practice, and usage of jury trials in tax-dispute cases has been recognized and reported by this Court, “[t]his Court does not ordinarily reach constitutional issues unless they are raised. A constitutional issue not raised cannot be considered as having been decided, sub silentio.” Foster v. Harden, 536 So.2d 905, 907 (Miss.1988).[10] In Ah-Ha-warey v. Ab-Hawarey, the Missouri Court of Appeals explained the reasoning behind this policy:
Our Supreme Court has professed-a presumption against sub--silentio .holdings, based not only on the. general preference that. courts, adhere to precedent and overrule earlier decisions expressly, but also because the implicit nature of a sub silentio holding has no stare decisis effect and does not bind future decisions of the Court. Id. Thus, stare decisis does not apply to implicit holdings of jurisdiction. If it did, it would mean that any appellate court that exercised jurisdiction erroneously without explicitly adjudicating the question of jurisdiction would thereafter bind future appellate courts, a result that could cause appellate courts to have ever-expanding jurisdiction without even having considered the question of jurisdiction. An application of stare decisis in this fashion would permit a court to decide any *296 case before it without having jurisdiction, a result incompatible with promoting stability in the law.
Al-Hawarey v. Al-Hawarey, 460 S.W.3d 40, 42-43 (Mo.App.E.Dist.2015), reh’g and/or transfer denied (Mar. 11, 2015), transfer denied (Apr. 28, 2015) (citing State v. Honeycutt, 421 S.W.3d 410 (Mo.2013)).
¶ 21. While this issue previously has not been raised in this Court, this precise question has been raised and decided by numerous jurisdictions. The vast majority of states that have considered the issue have held that there is no constitutional right to a jury trial in tax appeals, because actions against sovereigns to appeal taxes did not exist at common law. See Jernigan v. Jackson, 704 S.W.2d 308, 310 (Tenn.1986) (“We have not found a single state that authorizes jury trial upon demand in litigation involving the collection or refund of revenue due a state.... The conclusion is inescapable that no constitutional right to a jury trial in tax cases is available to litigants in Tennessee.... ”); Commonwealth v. Marco Elec. Mfg. Corp., 32 Pa. Cmwlth. 360, 379 A.2d 342, 343 (1977) (“While appellant is undoubtedly correct in asserting that the sovereign’s right to tax antedates the Constitution of this Commonwealth, appellant has not established, and, we believe, cannot establish, that a right to a jury trial in a tax appeal existed at common law.”).[11]
¶ 22. At the beginning of this country, the doctrine of sovereign immunity barred actions against the government. Wells by Wells v. Panola Cty. Bd. of Educ., 645 So.2d 883, 898 (Miss.1994). “The governmental and business situations at the beginning of this country were such that the founding fathers thought sovereign immunity at that time was proper.” Pruett v. City of Rosedale, 421 So.2d 1046, 1047 (Miss.1982), overruled on other grounds.[12] So at common law, actions against individual tax collectors existed but actions against the sovereign were barred. Individuals were not entitled to sue governmental entities without governmental consent. The California Supreme Court noted the difference between an action against individual tax collectors versus against the government:
[Statutory actions for tax refunds from the government have generally not been placed in the same class as the common law right of action against individual tax collectors. Most courts have viewed actions for a refund from the government as new and distinct proceedings, subject to such conditions as the legislative branch sees fit to impose. At common law, sovereign immunity barred actions against the government, by way of jury trial or otherwise.
*297 Franchise Tax Bd. v. Superior Court, 51 Cal.4th 1006, 125 Cal.Rptr.3d 158, 252 P.3d 450, 452 (2011). Actions against a ■ tax collector and actions against the sovereign are separate and distinct.
¶ 23. Because actions against the sovereign were barred at common law, I believe that the right to a jury trial in ad valorem tax assessment appeals was not preserved by our Constitution and does not now exist. This Court’s analysis in Griffin v. Mixon supports the conclusion that tax appeals were hot tried by juries at common law in Mississippi:
That the legislature may provide for the assessment of taxes', and create officers,executive and judicial,-in a summary manner to levy and collect taxes, nobody ever doubted. This has been practised, under our Constitution, without objection, since the organization of our State government. In doing so, the legislature creates a court, and provides for notice, where parties can be heard, judgment rendered, execution issued, and property sold, according to the just provisions of a known law,-organic as well as legislative. It is done without form, but when examined, there will be found in its hasty and informal character, all the essential elements of a court and its attendant officers, & c. [sic] No jury trial is specially provided for, nor is it necessary. Trial by jury, as known to our Constitution and known to the common law, was never employed, from its earliest history, in these summary proceedings; and hence it “remains inviolate,” as practised at the adoption of our Constitution.
Griffin v. Mixon, 38 Miss. 424, 437-38 (Miss.Err. & App.1860).[13] Accordingly, in order to proceed in an action against the government, the Legislature must have waived this immunity through statute. The Mississippi. Legislature did this by creating a statutory procedure to appeal a county’s ad valorem tax assessment.
¶ 24. This Court previously, has found that no constitutional right to a jury trial exists in purely statutory causes of action that were not tried by jury before Mississippi’s Constitution was adopted. Jury trials are not authorized under the Mississippi Worker’s Compensation Law, because the entire procedure was brought into existence by the Legislature. Walters v. Blackledge, 220 Miss. 485, 71 So.2d 433, 445 (1954) (“The entire procedure involved in the act has been brought into existence or created by the Legislature since the adoption of our Constitution, containing the provisions that the right of trial by a jury shall remain inviolate.”). Claims under the Mississippi Tort Claims Act (MTCA) also are tried without a jury. Simpson v. City of Pickens, 761 So.2d 855, 860 (Miss.2000) (“[s]uits against the State of Mississippi or a school district are not ‘suits at common law.’ ”). In' proceedings to annex territory to a city, no constitutional right to a jury trial exists, because this constitutional right “applies only to those cases where a jury was necessary according to the principle of the common *298 law.” . In re Extension of Boundaries of City of Meridian, 237 Miss. 486, 115 So.2d 323, 326 (1959).
* ¶25. It is true that the Legislature may provide a right to a jury trial when the constitutional right is absent. City of Meridian v. Davidson, 211 Miss. 683, 53 So.2d 48, 63 (1951). “[T]he plaintiff in an action against the United States has a right to trial'by jury only where Congress has affirmatively and unambiguously granted that right by statute.” Lehman v. Nakshian, 453 U.S. 156, 168, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981).[14] The State of Mississippi is, like the United States, generally immune from liability. Therefore, the Legislature must clearly and unambiguously provide for a statutory right to a jury trial in an action against the sovereign. Yet the Legislature has not clearly provided for a-'right to a jury trial in Section 11-51-77, as it has in similar statutes. As the majority states, “the statute authorizing this suit to be tried anew in circuit court is silent regarding the right to a jury trial.” I believe that the phrase “tried anew” merely means that the standard of review is de novo and is not indica-five of the right to a jury trial.[15] As the Alabama Supreme Court has held:
The requirement that the trial in the circuit or city court shall be ■ anew, means and can mean nothing else than that the court shall approach .the case just as the board did, .on the evidence pro and con as to whether the valuation assessed by the tax assessor .should be increased, and should determine that issue, treating the assessment of that officer-and not that of the board-as prima facie correct, wholly regardless of the board’s action.
Sullivan v. State, 110 Ala. 95, 20 So. 452, 453 (1896). Because.the Mississippi Legislature has not “affirmatively and -unambiguously” provided' for a right- to a jury trial in ad valorem tax assessment appeals, I believe that this Court cannot read that right into the statute and find a legislative intent that is not there.[16]
¶ 26. This Court held in Dingey v. Paxton, 60 Miss. 1038, 1057 (1883), that “[w]hat is due process of law in proceedings for the collection of taxes is left by our Constitution largely to the legislative discretion.” Thus, it is the Legislature’s duty to provide for a right to a jury trial *299 where the constitutional right is absent. Because I believe that no right to a jury trial existed in these cases at common law and because the statute does not clearly or unambiguously provide for the right to a jury trial, I believe that no right to a jury trial in tax assessment appeals exists and that the trial court’s order denying a bench trial must be reversed. Accordingly, I dissent.'
KITCHENS, J., JOINS THIS OPINION. '

. "The right of trial by jury as declared by the Constitution or any statute of the State of Mississippi shall be preserved to the parties inviolate.” M.R.C.P. 38(a).

. See also In the Matter of the Adoption of J.E.B, 822 So.2d 949, 952 (Miss.2002) (quoting Humphrey v. Parnell, 710 So.2d 392, 400 (Miss.1998)) (emphasis added) ("This Court considers it improper to incidentally rule upon the propriety of post-adoption visitations in the present case, however, and we . .leave a ruling on this important issue to fo-ture cases when the issue is squarely before this Court.”) (emphasis added); Price v. State, 336 So.2d 1311, 1312 (Miss.1976) ("In several cases since the statute was changed to its present form, the Court has used language indicating that severance is a matter of right if seasonable application is made.... However, in each of those cases the Court did not have squarely before it the question whether a separate trial was a matter of right, therefore the statements in those cases were obiter dictum.”) (emphasis'added).

. See also Rush v. Dep’t of Revenue of Ala., 416 So.2d 1023, 1024 (Ala.Civ.App.1982) ("Our courts have held that since there was no right to jury trial in tax assessment cases when our constitution was adopted, the right to a jury trial never operated in such a proceeding except as provided by statute.’); Thomas Forman Co. v. Owsley Cty. Bd. of Supervisors, 267 Ky. 224, 101 S.W.2d 939, 941 (1937) ("No constitutional right to a trial by a jury exists. It is unlike cases where at the common law a jury trial was customarily had. Here the whole machinery for the correct assessment of property is fixed by the statute, which does not provide for a jury trial.”); but see Dep’t of Revenue v. Printing House, 644 So.2d 498, 500 (Fla.1994) (holding that, historically, if a tax collector failed to pay taxes there was no right to a jury trial, but after tax was collected, there was a common law action that involved a jury trial).

. "At common law, sovereign immunity barred actions against the government, by way of jury trial or otherwise.” Franchise Tax Bd. v. Superior Ct., 51 Cal.4th 1006, 125 Cal.Rptr.3d 158, 252 P.3d 450, 453 (2011).

. The question before the Court in Griffin was whether the Legislature may enact a statute that divested a citizen of his/her property without notice for unpaid taxes. The Griffin Court found that the government may not divest a citizen of his/her property for unpaid taxes by mere legislative enactment without due course of law. Griffin, 38 Miss. at 465 (“A plain and ready, even summary mode, for the collection of taxes due the government, is in the power of the legislature, without resort to the extraordinary, arbitrary, and oppressive remedy of taking the land of the citizen, by mere declaration of legislative forfeiture.”). The Court found that,' although the legislature may provide for a summary manner to levy and collect taxes, the government must provide a jury trial to divest the citizen .of property. ..

. State courts also have held that the right to a jury trial must be affirmatively expressed when the State waives its immunity to suit. See Skinner v. Angliker, 211 Conn. 370, 559 A.2d 701, 706 (1989) ("When the state, by statute, waives its immunity to suit ... the right to a jury trial cannot be implied, but rather, must be affirmatively expressed.”); Unemployment Comp. Comm'n v. J.M. Willis Barber & Beauty Shop, 219 N.C. 709, 15 S.E.2d 4, 7 (1941) (The right to a trial by jury under the Constitution "has been generally held inapplicable to matters concerned with the administration of the tax laws and the machinery for the collection of taxes, unless the statute affords express authority for this method of determining questions of fact.”).

. See Crouchman v. Superior Ct., 45 Cal.3d 1167, 248 Cal.Rptr. 626, 755 P.2d 1075, 1077 (1988), as modified (Aug. 31, 1988) (“First, as stated, the Legislature has never expressly provided for a jury trial in the small claims appeal, although it has the power and ability to do so. (See, e.g., § 1141.20, subd. (b), providing that after judicial arbitration, '[a]ny party may elect to have a de novo trial, by court or jury, both as to law and facts.’ [Italics added.])”). .

.The United States generally is immune from suit unless it consents to be sued. Lehman v. Nakshian, 453 U.S. 156, 160, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). The United States Supreme Court has held that "the plaintiff has a right to a trial by jury only where that right is one of ‘the terms of [the Government’s] consent to be sued.’ Like a waiver of immunity itself, which must be ‘unequivocally expressed.’ ” Id. (internal citations omitted)