MAXWELL, JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 27. Because the majority has decided to reverse and remand this case, I agree Riverboat[2] entitles Edmonds to a jury trial on remand. But I do not join the majority’s interpretation of Mississippi Code Section 11 — 44—7(l)(c) or And remand for a jury trial solves Edmonds’s • confession-based dilemma.
¶28. Like Presiding Justice Randolph and Justice Chamberlin, I find the clear language of Section ll-44-7(l)(c) forecloses Edmonds’s compensation claim based on his admittedly false confession. The trial judge believed so too. And, as Justice Beam points out, even if a jury had been seated for Edmonds’s trial, the judge certainly would have directed a verdict in the State’s favor because he correctly believed Edmonds’s admittedly false confession prevented compensation under Mississippi’s wrongful-conviction compensation law.
¶ 29. For these reasons, I concur in part and dissent in part.
RANDOLPH, P.J., JOINS THIS OPINION. BEAM AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART.

. Riverboat Corp. of Miss. v. Harrison Cty. Bd. of Supervisors, 198 So.3d 289 (Miss. 2016).